MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant United States of America
By:  Anna E. Arreola
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2218

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ROBERT ASSIL,                                    :
                                                 :
                          Plaintiff,             :
                                                 :
             -v.-                                 :          07 Civ. 11037 (DAB)
                                                 :
UNITED STATES OF AMERICA,                        :
                                                 :
                          Defendant.             :
-------------------------------------------------------x

**<u>DECLARATION OF ANNA E. ARREOLA</u>**

ANNA E. ARREOLA, pursuant to the provisions of 28 U.S.C. § 1746, declares as follows:

1.      I am an Assistant United States Attorney in the office of Michael J. Garcia, United States Attorney for the Southern District of New York.  I am the Assistant United States Attorney responsible for representing the Government in the above-referenced case.  I respectfully submit this declaration in support of the Government's motion to dismiss plaintiff Robert Assil's motion, pursuant to Federal Rule of Criminal Procedure 41(g), for return of property, which was filed on December 5, 2007.

2.      Attached hereto as Exhibit A is a true and correct copy of the docket sheet for *United States v. Thomas Zikorus, et al.*, No. 00 Crim. 801 (ER), United States District Court, Central District of California.

3.      Attached hereto as Exhibit B is a true and correct copy of the transcript of the sentencing proceeds held May 17, 2001, in *United States v. Lester Whalley*, No. 00 Crim. 801 (ER).

4.      Attached hereto as Exhibit C is a true and correct copy of the Judgment and Probation/Commitment Order, filed on June 1, 2001, in *United States v. Lester Whalley*, No. 00 Crim. 801 (ER).

Dated:       New York, New York
             February 4, 2008

                                        _____/s/_____
                                        ANNA E. ARREOLA

CLOSED, RETPASPRT

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CRIMINAL DOCKET FOR CASE #: 2:00-cr-00801-ER All Defendants

Case title: USA v. Zikorus, et al
Other court case number: 1:99-cr-00754 INTERIN
Magistrate judge case numbers: 2:99-mj-01803
                                  2:99-mj-01805
                                  2:99-mj-01806

Date Filed: 08/01/2000
Date Terminated: 09/22/2005

Assigned to: Judge Edward Rafeedie

**Defendant**

**Thomas Zikorus** (1)
*TERMINATED: 02/08/2001*

represented by **Steve Allen**
Steve Allen Law Offices
9454 Wilshire Bl
Ste 500
Beverly Hills, CA 90212
310-557-0007
*TERMINATED: 02/08/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Steven A Allen**
Hodes Ulman Pessin & Katz
901 Dulaney Valley Rd
Ste 400
Towson, MD 21204
410-938-8800
*TERMINATED: 02/08/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**William S Pitman**
William S Pitman Law Offices
624 South Grand Avenue, Suite 2200
Los Angeles, CA 90017
213-629-0272
Email: william_pitman@sbcglobal.net
*TERMINATED: 02/08/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*Designation: Retained*

| | |
|---|---|
| **Pending Counts** | **Disposition** |

18:371: CONSPIRACY
(1s)

18:1343:WIRE FRAUD
(2s)

18:1343: WIRE FRAUD
(3s-4s)

18:1343: WIRE FRAUD
(5s-6s)

**Highest Offense Level (Opening)**

Felony

| | |
|---|---|
| **Terminated Counts** | **Disposition** |

18:371 CONSPIRACY
(1)

Rule 20 - Consent to transfer dft to the Southern District of New York at New York

18:1343 & 2 FRAUD BY WIRE, RADIO, OR TELEVISION; AIDING AND ABETTING
(2)

Rule 20 - Consent to transfer dft to the Southern District of New York at New York

18:1343 & 2 FRAUD BY WIRE, RADIO, OR TELEVISION; AIDING AND ABETTING
(3-4)

Rule 20 - Consent to transfer dft to the Southern District of New York at New York

**Highest Offense Level (Terminated)**

Felony

| | |
|---|---|
| **Complaints** | **Disposition** |

None

Assigned to: Judge Edward Rafeedie

**Defendant**

**John Kissonas** (2)
*TERMINATED: 09/22/2005*
*also known as*
John P Kissonas (2)

represented by **Nina Marino**
Kaplan Marino
9454 Wilshire Blvd, Ste 500
Beverly Hills, CA 90212
310-557-0007
Fax: 310-557-0008

Email: marino@kaplanmarino.com
*TERMINATED: 08/21/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Terran T Steinhart**
Terran T Steinhart Law Offices
4311 Wilshire Boulevard, Suite 415
Los Angeles, CA 90010-3713
213-933-8263
Email: terran@steinhartlaw.com
*TERMINATED: 07/23/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Victor R Cannon**
Federal Public Defender
321 East 2nd Street
Los Angeles, CA 90012-4202
213-894-2854
Email:
zzCAC_FPD_Document_Receiving@fd.org

*TERMINATED: 08/21/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or
Community Defender Appointment*

**Pending Counts**

18:371: CONSPIRACY
(1s)

18:1343:WIRE FRAUD
(2s)

18:1343: WIRE FRAUD
(3s-4s)

18:1343: WIRE FRAUD
(5s-6s)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:371 CONSPIRACY
(1)

**Disposition**

B/P 48 mos; Supv rel 36 mos. Fines wvd.
S/A $600. Total restn $2,430,000.

B/P 48 mos; Supv rel 36 mos. Fines wvd.
S/A $600. Total restn $2,430,000.

B/P 48 mos; Supv rel 36 mos. Fines wvd.
S/A $600. Total restn $2,430,000.

B/P 48 mos; Supv rel 36 mos. Fines wvd.
S/A $600. Total restn $2,430,000.

**Disposition**

Court dismisses remaining counts

18:1343 & 2 FRAUD BY WIRE,
RADIO, OR TELEVISION; AIDING
AND ABETTING
(2)

Court dismisses remaining counts

18:1343 & 2 FRAUD BY WIRE,
RADIO, OR TELEVISION; AIDING
AND ABETTING
(3-4)

The Court dismisses any remaining counts
of the Second Superseding Indictment and
all underlying indictments and/or
informations.

**Highest Offense Level
(Terminated)**

Felony

**Complaints**

Dft in viol of 18:371, 1343 [ 2:99-m -
1805 ]

**Disposition**

Dft held to answer to the Southern District
of New York at New York [ 2:99-m -1805 ]

Assigned to: Judge Edward Rafeedie

**Defendant**

**Lyle Howry** (3)
*TERMINATED: 02/28/2001*

represented by **Nina Marino**
(See above for address)
*TERMINATED: 02/28/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Sylvia Torres-Guillen**
Federal Public Defenders Office
321 East 2nd Street
Los Angeles, CA 90012-4206
213-894-2644
Email:
zzCAC_FPD_Document_Receiving@fd.org

*TERMINATED: 08/21/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or
Community Defender Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

| Terminated Counts | Disposition |
|---|---|
| 18:371 CONSPIRACY (1) | Pursuant to Rule 48 of the FRCP, and by leave of court endorsed hereon, the US Atty for the CDC hereby moves to dismiss the above-referenced case w/o prejudice as to dft. |
| 18:371: CONSPIRACY (1s) | Pursuant to Rule 48 of the FRCP, and by leave of court endorsed hereon, the US Atty for the CDC hereby moves to dismiss the above-referenced case w/o prejudice as to dft. |
| 18:1343 & 2 FRAUD BY WIRE, RADIO, OR TELEVISION; AIDING AND ABETTING (2) | Pursuant to Rule 48 of the FRCP, and by leave of court endorsed hereon, the US Atty for the CDC hereby moves to dismiss the above-referenced case w/o prejudice as to dft. |
| 18:1343:WIRE FRAUD (2s) | Pursuant to Rule 48 of the FRCP, and by leave of court endorsed hereon, the US Atty for the CDC hereby moves to dismiss the above-referenced case w/o prejudice as to dft. |
| 18:1343 & 2 FRAUD BY WIRE, RADIO, OR TELEVISION; AIDING AND ABETTING (3-4) | Pursuant to Rule 48 of the FRCP, and by leave of court endorsed hereon, the US Atty for the CDC hereby moves to dismiss the above-referenced case w/o prejudice as to dft. |
| 18:1343: WIRE FRAUD (3s-4s) | Pursuant to Rule 48 of the FRCP, and by leave of court endorsed hereon, the US Atty for the CDC hereby moves to dismiss the above-referenced case w/o prejudice as to dft. |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| Dft in viol of 18:1343 [ 2:99-m - 1806 ] | Pursuant to Rule 48 of the FRCP, and by leave of court endorsed hereon, the US Atty for the CDC hereby moves to dismiss the above-referenced case w/o prejudice as to dft. |

Assigned to: Judge Edward Rafeedie

**Defendant**

**Lester Whalley** (4)
*TERMINATED: 09/22/2005*
*also known as*
Lester F Whalley (4)

represented by **Lester Whalley**
3191
Gardenia Lane
Yorba Linda, CA 92668
PRO SE

**Gregory Nicolaysen**
Gregory Nicolaysen Law Offices
16000 Ventura Boulevard, Suite 500
Encino, CA 91436
818-998-2706
Email: gregnicolaysen@aol.com
*TERMINATED: 11/25/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Michael J Treman**
Michael J Treman Law Offices
30 N Santa Ynez, Ste B
P O Box 42059
Santa Barbara, CA 93140
805-962-6544
Email: m.treman@att.net
*TERMINATED: 11/25/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Pending Counts**

18:371: CONSPIRACY
(1s)

18:1343:WIRE FRAUD
(2s)

18:1343: WIRE FRAUD
(3s-4s)

18:1343: WIRE FRAUD
(5s-6s)

**Disposition**

B/P 27 mos; Supv rel 60 mos; Fines
wvd; S/A $600; Total restn $1.28
million.

B/P 27 mos; Supv rel 60 mos; Fines
wvd; S/A $600; Total restn $1.28
million.

B/P 27 mos; Supv rel 60 mos; Fines
wvd; S/A $600; Total restn $1.28
million.

B/P 27 mos; Supv rel 60 mos; Fines
wvd; S/A $600; Total restn $1.28
million.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                        **Disposition**

18:371 CONSPIRACY                                            Court dismiss remaining counts
(1)

18:1343 & 2 FRAUD BY WIRE,
RADIO, OR TELEVISION; AIDING                                 Court dismiss remaining counts
AND ABETTING
(2)

18:1343 & 2 FRAUD BY WIRE,
RADIO, OR TELEVISION; AIDING                                 Court dismiss remaining counts
AND ABETTING
(3-4)

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                               **Disposition**

Dft is in viol of 18:371 & 1343. [ 2:99-                     Crt ords dft HTA to USDC, S/D of NY
m -1803 ]                                                    at NY. [ 2:99-m -1803 ]

Assigned to: Judge Edward Rafeedie

**Defendant**

**Einar Christiani** (5)                 represented by   **Andrew J Weinstein**
*TERMINATED: 02/28/2001*                                  Andrew J Weinstein Law Offices
*also known as*                                           41 Madison Ave, 34th Fl
Chris Christiani (5)                                      New York, NY 10010
                                                          212-725-5000
                                                          *TERMINATED: 11/27/2000*
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Retained*

                                                          **Andrew J Weinstein**
                                                          (See above for address)
                                                          *TERMINATED: 02/28/2001*
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Richard M Steingard**
                                                          Sheppard Mullin Richter and Hampton
                                                          333 South Hope Street, 48th Floor
                                                          Los Angeles, CA 90071
                                                          213-617-5416
                                                          Email:

RSteingard@sheppardmullin.com
*TERMINATED: 02/28/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**

18:371 CONSPIRACY
(1)

18:371: CONSPIRACY
(1s)

18:1343 & 2 FRAUD BY WIRE,
RADIO, OR TELEVISION; AIDING
AND ABETTING
(2)

18:1343:WIRE FRAUD
(2s)

**Disposition**

**Disposition**

Pursuant to Rule 48 of the FRC, and by
leave of court endorsed hereon, the US
Atty for the CDC hereby moves to
dismiss the above-referenced case w/o
prej.

Pursuant to Rule 48 of the FRC, and by
leave of court endorsed hereon, the US
Atty for the CDC hereby moves to
dismiss the above-referenced case w/o
prej.

Pursuant to Rule 48 of the FRC, and by
leave of court endorsed hereon, the US
Atty for the CDC hereby moves to
dismiss the above-referenced case w/o
prej.

Pursuant to Rule 48 of the FRC, and by
leave of court endorsed hereon, the US
Atty for the CDC hereby moves to
dismiss the above-referenced case w/o
prej.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

**Plaintiff**

**USA**

represented by  **US Attorney's Office**
AUSA - Office of US Attorney

Criminal Div - US Courthouse
312 N Spring St, 12th Floor
Los Angeles, CA 90012-4700
213-894-2434
Email: USACAC.Criminal@usdoj.gov
*TERMINATED: 08/23/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel N Shallman**
AUSA - Office of US Attorney
Criminal Div - US Courthouse
312 N Spring St, 12th Floor
Los Angeles, CA 90012-4700
213-894-2434
Email: USACAC.Criminal@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/04/1999 | 2 | REPORT COMMENCING CRIMINAL ACTION as to John P Kissonas arrested on 8/4/99 Defendant's date of birth: 10/6/55. [ 2:99-m -1805 ] (dm) (Entered: 08/05/1999) |
| 08/04/1999 | 1 | AFFIDAVIT RE OUT-OF-DISTRICT WARRANT filed as to John P Kissonas , originating in the USDC, Southern District of New York, at New York. Defendant charged in violation of: 18:1343 & 371. Signed by agent Jacquieline T. Marengo USSS, SA. [ 2:99-m -1805 ] (dm) (Entered: 08/05/1999) |
| 08/04/1999 | 3 | DEFENDANT John P Kissonas arrested on warrant issued from USDC, Southern District of New York at New York. [ 2:99-m -1805 ] (dm) (Entered: 08/05/1999) |
| 08/04/1999 | 4 | MINUTES OF ARREST ON O/D WARRANT held before Magistrate Judge Carla M. Woehrle as to John P Kissonas: Defendant arraigned and states true name as charged. Counsel as to John P Kissonas is CJA Atty Nina Marino , present. Bail set in the amount of $100,000 AB w/affid of sur no just form CR-4 by mother w/just affid of sur (form CR-3) w/deeding of property by 8/18/99, mother's prop, release now and just by 8/5/99 cob, with following conditions of release: PSA superv, surdr passprt or decl not possessing one by 8/5/99 COB, travel restrict CDC; state of NY, avoid places of egress, dft may travel per subpoena. Court orders John P Kissonas held to answer to USDC, Southern District of New York at New York NLT 9/10/99. Defendant committed to the custody of the U. S. Marshal. Bond to be posted by 4:00 pm on 8/5/99. Release ord. Bnd to transfer, prelim hrg waived. Tape No.: 99-804A [ 2:99-m -1805 ] (dm) (Entered: 08/05/1999) |
| 08/04/1999 | 5 | WAIVER OF RULE 40 HEARINGS filed by John P Kissonas, waiving |

| | | Rule 40. [ 2:99-m -1805 ] (dm) (Entered: 08/05/1999) |
|---|---|---|
| 08/04/1999 | 6 | FINANCIAL AFFIDAVIT filed as to John P Kissonas [ 2:99-m -1805 ] (dm) (Entered: 08/05/1999) |
| 08/04/1999 | 25 | REPORT COMMENCING CRIMINAL ACTION as to Lester F Whalley arrested on 8/4/99. Defendant's date of birth: 9/12/33. [ 2:99-m -1803 ] (dmap) Modified on 08/09/2000 (Entered: 08/06/1999) |
| 08/04/1999 | 1 | AFFIDAVIT RE OUT-OF-DISTRICT WARRANT filed as to Lester F Whalley, originating in the USDC, S/D of NY at NY. Defendant charged in violation of: 18:371 & 1343. Signed by Read, USSS-Special Agent. [ 2:99-m -1803 ] (dmap) Modified on 08/09/2000 (Entered: 08/06/1999) |
| 08/04/1999 | 26 | DEFENDANT Lester F Whalley arrested on warrant issued from USDC, S/D of NY at NY. [ 2:99-m -1803 ] (dmap) Modified on 08/09/2000 (Entered: 08/06/1999) |
| 08/04/1999 | 27 | MINUTES OF ARREST ON O/D WARRANT held before Magistrate Judge Carla M. Woehrle as to Lester F Whalley : Defendant arraigned and states true name as charged. S/P by CJA atty Morton Boren. Bail set in the amount of $50,000 A/B, with following conditions of release: w/aff of surety (no just) signed by Mary Whalley, PSA supervision travel restricted to CDC & S/D of NY. Court orders Lester F Whalley held to answer to USDC, S/D of NY at NY. Court orders bond to transfer. Tape No.: 99-804 (Release# 25270) [ 2:99-m -1803 ] (dmap) Modified on 08/09/2000 (Entered: 08/06/1999) |
| 08/04/1999 | 28 | WAIVER OF RULE 40 HEARINGS filed by Lester F Whalley waiving ID hrg. [ 2:99-m -1803 ] (dmap) Modified on 08/09/2000 (Entered: 08/06/1999) |
| 08/04/1999 | 29 | FINANCIAL AFFIDAVIT filed as to Lester F Whalley [ 2:99-m -1803 ] (dmap) Modified on 08/09/2000 (Entered: 08/06/1999) |
| 08/04/1999 | 30 | AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 5.2.8) filed as to Lester F Whalley in the amount of $50,000, by Surety: wife, Mary Ann Whalley. [ 2:99-m -1803 ] (dmap) Modified on 08/09/2000 (Entered: 08/06/1999) |
| 08/04/1999 | 17 | REPORT COMMENCING CRIMINAL ACTION as to Lyle Howry arrested on 8/4/99. [ 2:99-m -1806 ] (dm) Modified on 08/09/2000 (Entered: 08/09/1999) |
| 08/04/1999 | 1 | AFFIDAVIT RE OUT-OF-DISTRICT WARRANT filed as to Lyle Howry originating in the USDC, Southern District of New York, at New York. Defendant charged in violation of: 18:371, 1343. Signed by agent S. Rowan USSS, SA. [ 2:99-m -1806 ] (dm) (Entered: 08/09/1999) |
| 08/04/1999 | 18 | DEFENDANT Lyle Howry arrested on warrant issued from USDC, Southern District of New York at New York. [ 2:99-m -1806 ] (dm) Modified on 08/09/2000 (Entered: 08/09/1999) |
| 08/04/1999 | 19 | MINUTES OF ARREST ON O/D WARRANT held before Magistrate |

| | | |
|---|---|---|
| | | Judge Carla M. Woehrle as to Lyle Howry: Defendant arraigned and states true name as charged. Appt of Counsel as to Lyle Howry is DFPD Atty Sylvia Torres-Guillen , present. Court orders Lyle Howry temporarily detained. Defendant committed to the custody of the U. S. Marshal. Detention hearing set for 1:00 pm on 8/5/99. Tape No.: 99-804A [ 2:99-m -1806 ] (dm) Modified on 08/09/2000 (Entered: 08/09/1999) |
| 08/04/1999 | 20 | FINANCIAL AFFIDAVIT filed as to Lyle Howry [ 2:99-m -1806 ] (dm) Modified on 08/09/2000 (Entered: 08/09/1999) |
| 08/04/1999 | 21 | WAIVER OF RULE 40 HEARINGS filed by Lyle Howry, waiving Rule 40. [ 2:99-m -1806 ] (dm) Modified on 08/09/2000 (Entered: 08/09/1999) |
| 08/04/1999 | 22 | ORDER FOR CONTRIBUTION FOR ATTORNEY'S FEES filed by Magistrate Judge Carla M. Woehrle as to Lyle Howry. Funds in the amount of $250.00 per month shall be paid by the dft to the Clerk's Office. [ 2:99-m -1806 ] (dm) Modified on 08/09/2000 (Entered: 08/09/1999) |
| 08/05/1999 | 23 | MINUTES OF DETENTION HEARING held before Magistrate Judge Carla M. Woehrle as to Lyle Howry: Bail set in the amount of $50,000 AB w/affid of sur no just form CR-4 Rena Howry, release now, with following conditions of release: PSA superv, surdr passprt COB 8/6/99, travel restrict CDC; State of NY, avoid places of egress, proof of income to be provided to PSA, Mo not to contact victims, no telemarketing . Release ord. Tape No.: 99-805B [ 2:99-m -1806 ] (dm) Modified on 08/09/2000 (Entered: 08/09/1999) |
| 08/05/1999 | 24 | AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 5.2.8) filed as to Lyle Howry in the amount of $50,000, by Surety: Rena C. Howry for bond. [ 2:99-m -1806 ] (dm) Modified on 08/09/2000 (Entered: 08/09/1999) |
| 08/05/1999 | 31 | NOTICE OF DELIVERANCE and Receipt of Passport and Abstract of Court Order filed as to Lester F Whalley, in reference to bond. Passport No.: 035047511. [ 2:99-m -1803 ] (dm) Modified on 08/09/2000 (Entered: 08/11/1999) |
| 08/06/1999 | 7 | DECLARATION filed as to John P Kissonas regarding non-issuance of passport. Dft states he misplaced his passprt and has not been able to locate it. If he finds his passprt he will surrder it forthwith. [ 2:99-m -1805 ] (dm) (Entered: 08/06/1999) |
| 08/06/1999 | 8 | AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 5.2.8) filed as to John P Kissonas in the amount of $100,000, by Surety: Clare Kissonas for bond . [ 2:99-m -1805 ] (dm) (Entered: 08/06/1999) |
| 08/09/1999 | 25 | NOTICE OF DELIVERANCE and Receipt of Passport and Abstract of Court Order filed as to Lyle Howry, in reference to bond. Passport No.: 036440847. [ 2:99-m -1806 ] (dm) Modified on 08/09/2000 (Entered: 08/11/1999) |

| 08/16/1999 | 9 | RECEIPT AND ACKNOWLEDGEMENT of Rule 40 Documents filed as to John P Kissonas from Transfer Case No.: 99 CR 754. [ 2:99-m -1805 ] (dmap) (Entered: 08/17/1999) |
|---|---|---|
| 08/17/1999 | 32 | NOTICE OF DISCREPANCY AND ORDER by Magistrate Judge Andrew J. Wistrich as to Lester F Whalley Striking Stip to permit travel for business. [ 2:99-m -1803 ] (sm) Modified on 08/09/2000 (Entered: 10/18/1999) |
| 08/23/1999 | 10 | STIPULATION AND ORDER filed by Magistrate Judge Carla M. Woehrle as to John P Kissonas: That the sec A/B w/full deeding of prop for $100,000 be fld on or before 8/25/99, in lieu of 8/18/99. [ 2:99-m -1805 ] (dmap) (Entered: 08/27/1999) |
| 08/24/1999 | 33 | STIPULATION filed by Lester F Whalley, USA modified to permit dft, an attorney, to travel to and from an State in the continental United States for business purposes. Lodged Order [ 2:99-m -1803 ] (dm) Modified on 08/09/2000 (Entered: 09/01/1999) |
| 08/26/1999 | 11 | STIPULATION AND ORDER filed by Magistrate Judge Carla M. Woehrle as to John P Kissonas: that the sec A/B w/full deeding of property for $100,000 be fld with the Crt on or before 9/1/99, in lieu the previous date of 8/25/99. [ 2:99-m -1805 ] (dmap) (Entered: 08/27/1999) |
| 08/26/1999 | 34 | ORDER ALLOWING TRAVEL filed by Magistrate Judge Carla M. Woehrle as to Lester F Whalley: granting stipulation modified to permit dft, an attorney, to travel to and from an State in the continental United States for business purposes. [9-1] (cc: all counsel) [ 2:99-m -1803 ] (dm) Modified on 08/09/2000 (Entered: 09/01/1999) |
| 09/01/1999 | 12 | BOND AND CONDITIONS OF RELEASE filed as to John P Kissonas, in the amount of: $100,000. Conditions of Release w/aff of surety no just by mother, w/aff w/just of surety by mother prop, w/deeding of property- 8/18/99, surr to Clk of Crt all passports issued to you or decl not possessing one by 8/5/99, PSA supervision, travel restcted to CDC & State of N.Y., not enter premises of any airport, seaport, or terminal which permits exit frm the continental U.S. w/o Crt permission, not enter premises of any bus, railroad, airport, or seaport terminal which permits exit frm area of restricted travel w/o Crt permission, dft may travel per Crt subpeona. Approved by Magistrate Judge Jeffrey W. Johnson. Original bond routed to: S/D, of NY (Release# 25271) [ 2:99-m -1805 ] (dmap) (Entered: 09/01/1999) |
| 09/01/1999 | 13 | AFFIDAVIT OF SURETIES (PROPERTY) filed as to John P Kissonas in the amount of $100,000, by Surety: Clare Kosonas, for bond [12-1]. Certified copy of Deed of Trust 12219 Hart Street, No. Hollywood, CA 91605. Approved by Magistrate Judge Jeffrey W. Johnson. [ 2:99-m -1805 ] (dmap) (Entered: 09/01/1999) |
| 09/15/1999 | 14 | RECEIPT AND ACKNOWLEDGEMENT of Rule 40 Documents filed as to John P Kissonas from Transfer Case No.: 99 cr 754. [ 2:99-m -1805 ] (dm) (Entered: 09/15/1999) |

| 12/02/1999 | 15 | SHORT FORM DEED OF TRUST filed by Clare Kissonas, whose address is 12219 Hart Street, North Hollywood, CA 91605 naming the Clerk of Court as Beneficiary therein on the property located at 12219 Hart St, North Hollywood, CA 91605 as to John P Kissonas. Original instrument # 99 1555711. Amnt. $100,000. [ 2:99-m -1805 ] (dm) Modified on 03/19/2004 (Entered: 12/06/1999) |
| --- | --- | --- |
| 12/17/1999 | 16 | SHORT FORM DEED OF TRUST filed by Mrs. Clare Kissonas, whose address is 12219 Hart Street, North Hollywood, CA 919605 naming the Clerk of Court as Beneficiary therein on the property located at 12219 Hart Street, N. Hollywood, CA 919605 as to John P Kissonas. In the amount of $100,000. NO 99 1613482 [ 2:99-m -1805 ] (dmap) Modified on 03/19/2004 (Entered: 12/28/1999) |
| 08/01/2000 | 35 | ORDER FOR CHANGE OF VENUE Pursuant to RULE 21 received and filed from USDC, S/D of NY at New York as to Thomas Zikorus (1) count(s) 1, 2, 3-4, John Kissonas (2) count(s) 1, 2, 3-4, Lyle Howry (3) count(s) 1, 2, 3-4, Lester Whalley (4) count(s) 1, 2, 3-4, Chris Christiani (5) count(s) 1, 2 Other Court Case No.: 99 CR 754 (dmap) (Entered: 08/09/2000) |
| 08/08/2000 | 37 | NOTICE DIRECTING Defendant To Appear for Arraignment filed as to John Kissonas -. Post-Indictment arraignment set for 9:30 8/21/00 for John Kissonas - . (dmap) (Entered: 08/09/2000) |
| 08/08/2000 | 38 | NOTICE DIRECTING Defendant To Appear for Arraignment filed as to Lyle Howry . Post-Indictment arraignment set for 9:30 8/21/00 for Lyle Howry . (dmap) (Entered: 08/09/2000) |
| 08/08/2000 | 39 | NOTICE DIRECTING Defendant To Appear for Arraignment filed as to Lester Whalley -. Post-Indictment arraignment set for 9:30 8/21/00 for Lester Whalley - . (dmap) (Entered: 08/09/2000) |
| 08/08/2000 | 40 | NOTICE DIRECTING Defendant To Appear for Arraignment filed as to Chris Christiani . Post-Indictment arraignment set for 9:30 8/21/00 for Chris Christiani . (dmap) (Entered: 08/09/2000) |
| 08/09/2000 | 36 | NOTICE DIRECTING Defendant To Appear for Arraignment filed as to Thomas Zikorus . Post-Indictment arraignment set for 9:30 8/21/00 for Thomas Zikorus . (dmap) (Entered: 08/09/2000) |
| 08/18/2000 | 41 | BOND AND CONDITIONS OF RELEASE filed as to Lyle Howry , in the amount of: $50,000 AB. Conditions of Release w/aff of surety (no just), signed by Rena Howry, surr passport, PSA supv, trvl restricted to CDC & state of NY, avoid places of egress, proof of income monthly to PSA, no contact w/victims, no sale marketing by dft Approved by Magistrate Judge Rosalyn M. Chapman. Original bond routed to: case file (es) (Entered: 08/22/2000) |
| 08/21/2000 | 42 | WAIVER OF DEFENDANT'S PRESENCE filed by Lester Whalley (es) (Entered: 08/22/2000) |
| 08/21/2000 | 47 | STATEMENT OF DEFENDANT'S CONSTITUTIONAL RIGHTS filed |

|            |     | as to Lester Whalley . (sv) (Entered: 09/07/2000)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                          |
| ---------- | --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 08/21/2000 | 48  | STATEMENT OF DEFENDANT'S CONSTITUTIONAL RIGHTS filed as to Chris Christiani . (sv) (Entered: 09/07/2000)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                    |
| 08/21/2000 | 49  | DESIGNATION AND APPEARANCE of Attorney for Chris Christiani by Andrew Weinstein (sv) (Entered: 09/07/2000)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                  |
| 08/21/2000 | 50  | STATEMENT OF DEFENDANT'S CONSTITUTIONAL RIGHTS filed as to Thomas Zikorus . (sv) (Entered: 09/07/2000)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                     |
| 08/21/2000 | 51  | FINANCIAL AFFIDAVIT filed as to John Kissonas (sv) (Entered: 09/07/2000)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                   |
| 08/21/2000 | 52  | FINANCIAL AFFIDAVIT filed as to Lester Whalley (sv) (Entered: 09/07/2000)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                  |
| 08/21/2000 | 53  | STATEMENT OF DEFENDANT'S CONSTITUTIONAL RIGHTS filed as to John Kissonas . (sv) (Entered: 09/07/2000)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |
| 08/21/2000 | 54  | STATEMENT OF DEFENDANT'S CONSTITUTIONAL RIGHTS filed as to Lyle Howry . (sv) (Entered: 09/07/2000)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                         |
| 08/21/2000 | 55  | DESIGNATION AND APPEARANCE of Attorney for Thomas Zikorus bySteve Allen (sv) (Entered: 09/07/2000)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                         |
| 08/21/2000 | 56  | DESIGNATION AND APPEARANCE of Attorney for Lyle Howry by Nina Marino (sv) (Entered: 09/07/2000)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                            |
| 08/21/2000 | 59  | MINUTES OF POST-INDICTMENT ARRAIGNMENT HEARING held before Magistrate Judge George T. Swartz as to Thomas Zikorus, John Kissonas, Lyle Howry, Lester Whalley, & Chris Christiani: Reassigning case to Judge Edward Rafeedie . Thomas Zikorus (1) count (s) 1, 2, 3-4, John Kissonas (2) count(s) 1, 2, 3-4, Lyle Howry (3) count (s) 1, 2, 3-4, Lester Whalley (4) count(s) 1, 2, 3-4, count(s) 1, 2 arraigned and state true names as charged. Dft #5 Chris Christiani states t/n as EINAR CHRISTIANI. Retained Attorney Steve Allen, D Li s/a for CJA Atty Victor Cannon, Retained Atty Nina Marino, CJA Atty Gregory Nicolaysen, and N Marino s/a for Retained Atty Andrew Weinstein present. First appearance of Thomas Zikorus, John Kissonas, Lyle Howry, Lester Whalley, Chris Christiani entered. Plea not guilty entered by Thomas Zikorus (1) count(s) 1, 2, 3-4, John Kissonas (2) count(s) 1, 2, 3-4, Lyle Howry (3) count(s) 1, 2, 3-4, Lester Whalley (4) count(s) 1, 2, 3-4, Chris Christiani (5) count(s) 1, 2 . Jury trial set for 9:30 10/17/00. Tape No.: 2180. (sv) (Entered: 09/08/2000) |
| 08/21/2000 | 108 | STATEMENT OF DEFENDANT'S CONSTITUTIONAL RIGHTS filed as to Thomas Zikorus . (sv) (Entered: 01/22/2001)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                     |
| 08/23/2000 | 43  | ASSIGNMENT FOR TRIAL filed by USA as to Thomas Zikorus, John Kissonas -, Lyle Howry, Lester Whalley -, Chris Christiani assigning AUSA Daniel Shallman for USA (vc) (Entered: 08/24/2000)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                    |
| 08/24/2000 | 44  | Government's NOTICE of Complex Case Pursuant to Local Criminal                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                             |

| | | Rule 14.1.1 filed by USA as to Thomas Zikorus, John Kissonas, Lyle Howry, Lester Whalley, Chris Christiani (es) (Entered: 08/25/2000) |
|---|---|---|
| 08/29/2000 | 45 | EX PARTE APPLICATION filed by John Kissonas for stat conference. Lodged prop ord. (sv) (Entered: 08/30/2000) |
| 08/31/2000 | 46 | NOTICE OF JOINDER by Lyle Howry joining in ex parte appl for stat conf. (sv) (Entered: 09/01/2000) |
| 08/31/2000 | 60 | ORDER filed by Judge Edward Rafeedie as to John Kissonas: Status conference set for 11:00 9/11/00 for John Kissonas (cc: all counsel) (sv) (Entered: 09/11/2000) |
| 09/07/2000 | 57 | MOTION filed by Lyle Howry for discovery and inspection. Returnable on: 9/11/00; 11AM. (sv) (Entered: 09/08/2000) |
| 09/07/2000 | 58 | MOTION filed by Lyle Howr to preserve time for flg addl mots. Returnable on: 9/11/00; 11AM. (sv) (Entered: 09/08/2000) |
| 09/08/2000 | 61 | APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR in Specific Case filed by ANDREW J WEINSTEIN as to Einar Christiani. Approved by Judge Edward Rafeedie. (sv) (Entered: 09/12/2000) |
| 09/08/2000 | 62 | APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR in Specific Case filed by STEVEN A. ALLEN as to Thomas Zikorus. Approved by Judge Edward Rafeedie (sv) (Entered: 09/12/2000) |
| 09/26/2000 | 63 | STIPULATION filed by Thomas Zikorus, John Kissonas, Lyle Howry, Lester Whalley, Einar Christiani, USA for continuance of trl until 3/6/01 and excl delay Lodged order. (sv) (Entered: 09/27/2000) |
| 09/29/2000 | 66 | ORDER filed by Judge Edward Rafeedie as to Thomas Zikorus, John Kissonas, Lyle Howry, Lester Whalley, Einar Christiani : CONTD jury trial & excl time for 9:30 3/6/01 for Thomas Zikorus, for John Kissonas, for Lyle Howry, for Lester Whalley, for Einar Christiani (cc: all counsel) (sv) (Entered: 10/13/2000) |
| 10/11/2000 | 64 | NOTICE OF IN CAMERA FILING by Lyle Howry Re: U/S (vc) (Entered: 10/12/2000) |
| 10/17/2000 | 67 | GOV'S POSITION filed by USA to motion re discovery and inspection. [57-1] (sv) (Entered: 10/18/2000) |
| 10/23/2000 | 68 | NOTICE filed by Lyle Howry of doc w/h from case file (sv) (Entered: 10/25/2000) |
| 10/23/2000 | 69 | NOTICE filed as to Lyle Howry of doc w/h from case file (sv) (Entered: 10/25/2000) |
| 10/31/2000 | 70 | NOTICE OF DISCREPANCY AND ORDER by Judge Edward Rafeedie as to Thomas Zikorus Striking suppl decl of Nina Morrison re interest fees. (sv) (Entered: 11/02/2000) |
| 11/01/2000 | 75 | CASE SUMMARY filed by AUSA William Schrier, attorney for USA, as to Thomas Zikorus . Defendant's date of birth: 3/13/62. (vc) (Entered: |

| | | 11/17/2000) |
|---|---|---|
| 11/01/2000 | 76 | CASE SUMMARY filed by AUSA William Schrier, attorney for USA, as to John Kissonas . Defendant's date of birth: 10/6/55. (vc) (Entered: 11/17/2000) |
| 11/01/2000 | 77 | CASE SUMMARY filed by AUSA William Schrier, attorney for USA, as to Lyle Howry . Defendant's date of birth: 6/19/58. (vc) (Entered: 11/17/2000) |
| 11/01/2000 | 78 | CASE SUMMARY filed by AUSA William Schreier, attorney for USA, as to Lester Whalley . Defendant's date of birth: 9/12/53. (vc) (Entered: 11/17/2000) |
| 11/01/2000 | 79 | CASE SUMMARY filed by AUSA William Schrier, attorney for USA, as to Einar Christiani . Defendant's date of birth: 1/18/65. (vc) (Entered: 11/17/2000) |
| 11/01/2000 | 80 | MEMORANDUM filed by USA as to Thomas Zikorus, John Kissonas, Lyle Howry, Lester Whalley, Einar Christiani . This criminal action, being filed on 11/1/00, was not pending in the U.S. Attorney's Office , the date 12/22/98 on which U.S. District Judge Nora M. Manella began receiving criminal matters. (vc) (Entered: 11/17/2000) |
| 11/01/2000 | 81 | MEMORANDUM filed by USA as to Thomas Zikorus, John Kissonas, Lyle Howry, Lester Whalley, Einar Christiani . This criminal action, being filed on 11/1/00, was not pending in the U.S. Attorney's Office before 11/2/92, the date on which U.S. District Judge Lourdes G. Baird began receiving criminal matters. (vc) (Entered: 11/17/2000) |
| 11/01/2000 | 74 | SECOND SUPERSEDING INDICTMENT filed against Thomas Zikorus (1) count(s) 1s, 2s, 3s-4s, 5s-6s, John Kissonas (2) count(s) 1s, 2s, 3s-4s, 5s-6s, Lyle Howry (3) count(s) 1s, 2s, 3s-4s, Lester Whalley (4) count(s) 1s, 2s, 3s-4s, 5s-6s, Einar Christiani (5) count(s) 1s, 2s filed by AUSA William Schrier (vc) (Entered: 03/14/2001) |
| 11/06/2000 | 71 | MINUTES OF IN CHAMBERS HEARING held before Judge Edward Rafeedie as to Thomas Zikorus, John Kissonas, Lyle Howry, Lester Whalley, & Einar Christiani: Arraignment on 2nd Super Indi hearing set for 8:30 11/27/00. C/R: Tucker. (sv) (Entered: 11/13/2000) |
| 11/15/2000 | 73 | EX PARTE APPLICATION filed by Lyle Howry for order shortening time re hearing on discovery motion Lodged prop order and motion (vc) (Entered: 11/16/2000) |
| 11/20/2000 | | PLACED IN FILE - NOT USED: prop ord short time for hrg re discov mot by Lyle Howry (sv) (Entered: 11/28/2000) |
| 11/20/2000 | | PLACED IN FILE - NOT USED: prop ord gr dft req for hrg on mot for discov by Lyle Howry (sv) (Entered: 11/28/2000) |
| 11/20/2000 | 89 | MINUTES OF POST-INDICTMENT ARRAIGNMENT HEARING held before Magistrate Judge Rosalyn M. Chapman as to Thomas Zikorus, John Kissonas, Lyle Howry, Lester Whalley, Einar Christiani : |

|  |  | Dft's not present. Court orders arraignment cont'd to 11/27/00 @ 8:30am. Tape No.: 2194 (es) (Entered: 12/27/2000) |
|---|---|---|
| 11/21/2000 | 82 | REQUEST filed by Thomas Zikorus Re: to resched date of arr on 2nd Super Indi. Lodged prop ord. (sv) (Entered: 11/24/2000) |
| 11/22/2000 | 83 | ORDER filed by Judge Edward Rafeedie as to Lyle Howry: It is ord that Mot for discov & inspection is DENIED. (sv) (Entered: 11/24/2000) |
| 11/27/2000 | 84 | LETTER filed as to Thomas Zikorus by cnsl re telephonic arr of 2nd Super Indi which was approved by Mag Judge Nagle. (sv) (Entered: 11/29/2000) |
| 11/27/2000 |  | PLACED IN FILE - NOT USED: prop ord re arr of dft by Thomas Zikorus (sv) (Entered: 11/29/2000) |
| 11/27/2000 | 100 | STATEMENT OF DEFENDANT'S CONSTITUTIONAL RIGHTS filed as to Lyle Howry . (sv) (Entered: 01/17/2001) |
| 11/27/2000 | 101 | DESIGNATION AND APPEARANCE of Attorney for Lyle Howry by Nina Marino (sv) (Entered: 01/17/2001) |
| 11/27/2000 | 102 | DESIGNATION AND APPEARANCE of Attorney for Einar Christiani by Andrew Weinstein (sv) (Entered: 01/17/2001) |
| 11/27/2000 | 103 | STATEMENT OF DEFENDANT'S CONSTITUTIONAL RIGHTS filed as to Einar Christiani . (sv) (Entered: 01/17/2001) |
| 11/27/2000 | 104 | STATEMENT OF DEFENDANT'S CONSTITUTIONAL RIGHTS filed as to Lester Whalley . (sv) (Entered: 01/17/2001) |
| 11/27/2000 | 105 | STATEMENT OF DEFENDANT'S CONSTITUTIONAL RIGHTS filed as to John Kissonas . (sv) (Entered: 01/17/2001) |
| 12/11/2000 | 85 | MOTION filed by Thomas Zikorus to withdraw motion to resched date of arr on 2nd super indi . (sv) (Entered: 12/13/2000) |
| 12/14/2000 | 86 | ORDER tht the motion to reschedule date of arraignment on 2nd superseding indictment filed by Dft thomas Zikorus is hereby withdrawn as moot filed by Judge Edward Rafeedie as to Thomas Zikorus : (cc: all counsel) (ca) (Entered: 12/15/2000) |
| 12/14/2000 | 87 | NOTICE RE: DOCUMENT WITHHELD FROM CASE FILE filed by USA as to Lyle Howry (ca) (Entered: 12/20/2000) |
| 12/21/2000 | 88 | APPLICATION by counsel filed by Lester Whalley for order authorizing interim payment on voucher under CJA Lodged order (vc) (Entered: 12/26/2000) |
| 01/11/2001 | 90 | MOTION filed by Lyle Howry for requesting Brady exculpatory material. Returnable on: 2/5/01; 10AM. Lodged order. (sv) (Entered: 01/12/2001) |
| 01/11/2001 | 91 | NOTICE filed by Lyle Howry of specific request #1 (sv) (Entered: 01/12/2001) |

| 01/16/2001 | 92 | Notice of motion filed by Lyle Howry for pretrial notice of 404 (b) material (vc) (Entered: 01/16/2001) |
| 01/16/2001 | 93 | Notice of motion filed by Lyle Howry for pretrial notice of 404 (b) material (vc) (Entered: 01/16/2001) |
| 01/16/2001 | 94 | NOTICE OF MOTION filed by Lyle Howry and specific Brady request #2. (sv) (Entered: 01/16/2001) |
| 01/16/2001 | 95 | MOTION filed by Lyle Howry for disclosure under Rule 12 . Lodged order. (sv) (Entered: 01/16/2001) |
| 01/16/2001 | 96 | MOTION filed by Lyle Howry to compel examination or to produce personnel files . (sv) (Entered: 01/16/2001) |
| 01/16/2001 | 97 | NOTICE OF REQUEST filed by Lyle Howry for court ord auth prod of docs purs to out-of-dist subp; REQUEST for crt ord for prod of materials on or before 2/1/01 (sv) (Entered: 01/16/2001) |
| 01/16/2001 | 98 | MOTION filed by Lyle Howry for disclosure of existence and substance of promises if immunity, leniency or preferencial treatment . Lodged order. (sv) (Entered: 01/16/2001) |
| 01/17/2001 | 99 | EX PARTE APPLICATION filed by Lester Whalley for aprvl of funds for servicse of a paralegal. Lodged order. (sv) (Entered: 01/17/2001) |
| 01/18/2001 | 106 | EX PARTE APPLICATION filed by Lyle Howry for an order shortening time for hearing on dft's mot for disclosure under Rule 12; Mot to compel examination or production of personnel files of testifying agents; mot for Pretrial Notice of 404(B) material; mot for discl of existence and substance of promises of immunity, leniency or preferential treatment Lodged Ord & 4 mot w/ ord (roz) (Entered: 01/19/2001) |
| 01/18/2001 | 107 | EX PARTE APPLICATION filed by Lyle Howry for an order shortening time for hearing of dft's mot for crt ord auth production of documents purs to out of dist subpoenas; mot for crt ord for production of materials on or before 2/1/01. [FRCP17] Lodged Ord & 1 mot w/ord (roz) (Entered: 01/19/2001) |
| 01/24/2001 | 111 | EX PARTE APPLICATION filed by Lyle Howry for order short time to permit mot to str surplusage and overt acts be heard on 2/5/01. Lodged order and motion. (sv) (Entered: 01/30/2001) |
| 01/24/2001 | 112 | EX PARTE APPLICATION filed by Lyle Howry for order short time to permit mot for a bill of particulars to be heard on 2.5.01. Lodged order and motion. (sv) (Entered: 01/30/2001) |
| 01/24/2001 | 113 | EX PARTE APPLICATION filed by Lyle Howry for order short time for hearing on dft's mot for disclosire purs to Brady specific request #3. Lodged order and motion. (sv) (Entered: 01/30/2001) |
| 01/24/2001 | 114 | EX PARTE APPLICATION filed by Lyle Howry for order short time to permit motion for disclosure of and substance of promises of immunity, leniency or preferential treatment #2 to be heard on 2/5/01. Lodged order |

| | | and motion. (sv) (Entered: 01/30/2001) |
|---|---|---|
| 01/26/2001 | 110 | EX PARTE APPLICATION filed by Lyle Howry for order shortening time to permit mot to supr evid illegally seized to be heard on 2/5/01 Lodged order and motion. (sv) (Entered: 01/29/2001) |
| 01/30/2001 | 115 | MEMORANDUM filed by USA as to Lyle Howry in opposition to ex parte application motion for order shortening time [110-1] (sv) (Entered: 01/31/2001) |
| 02/02/2001 | 116 | NOTICE of compliance with rules 12.2. (b) and 16 filed by Lyle Howry (vc) (Entered: 02/05/2001) |
| 02/02/2001 | 117 | NOTICE of compliance with Rule 16 filed by Lyle Howry (vc) (Entered: 02/05/2001) |
| 02/02/2001 | 118 | Notice of motion and MOTION filed by Lyle Howry for pretrial hearing pursuant to Daubert; Motion for admission of expert polygraph evidence Returnable on: 2/26/01. (vc) (Entered: 02/05/2001) |
| 02/02/2001 | 119 | EX PARTE APPLICATION filed by Lyle Howry for order shortening time re hearing on Defendant's Brady Request #4 Lodged order and motion (vc) (Entered: 02/05/2001) |
| 02/02/2001 | 120 | NOTICE of compliance with Rule 16 filed by Lyle Howry (vc) (Entered: 02/05/2001) |
| 02/02/2001 | 121 | Notice of motion and motion filed by Lyle Howry for exclusion of evidence pursuant to Rule 403 Returnable on: 2/26/01. (vc) (Entered: 02/05/2001) |
| 02/05/2001 | 124 | NOTICE OF MOTION; MOTION filed by Lyle Howry for severance . Returnable on: 2/26/01 at 10:00am. Lodged Ord (roz) (Entered: 02/06/2001) |
| 02/05/2001 | 125 | NOTICE OF MOTION; MOTION filed by Lyle Howry for leave to file additional and supplemental motions . Returnable on: 2/26/01 at 10:00am. Lodged Ord (roz) (Entered: 02/06/2001) |
| 02/05/2001 | 128 | ANSWER filed by USA as to dft Lyle Howry's motion for disclosure under Rule 12 [95-1] . (roz) (Entered: 02/06/2001) |
| 02/05/2001 | 126 | ANSWER filed by USA as to Lyle Howry specific Brady Requests Numbers One, Two and Three [94-1]. (roz) (Entered: 02/09/2001) |
| 02/05/2001 | 123 | ANSWER filed by USA as to Lyle Howry to motion to compel examination [96-1], motion to produce personnel files [96-2] (roz) (Entered: 02/09/2001) |
| 02/05/2001 | 127 | ANSWER filed by USA as to Lyle Howry to motion to compel examination [96-1], motion to produce personnel files [96-2](roz) (Entered: 02/09/2001) |
| 02/05/2001 | 132 | MINUTES OF MOTION HEARING held before Judge Edward Rafeedie as to Lyle Howry: denying ex parte appln for order shortening time re |

| | | |
|---|---|---|
| | | hearing on Defendant's Brady Request #4 [119-1], denying ex parte appln for order shortening time [110-1], denying ex parte appln for an order shortening time for hearing of dft's mot for crt ord auth production of documents purs to out of dist subpoenas; mot for crt ord for production of materials on or before 2/1/01. [FRCP17] [107-1], denying ex parte appln for an order shortening time for hearing on dft's mot for disclosure under Rule 12; Mot to compel examination or production of personnel files of testifying agents; mot for Pretrial Notice of 404(B) material; mot for discl of existence and substance of promises of immunity, leniency or preferential treatment [106-1], denying ex parte appln for order shortening time re hearing on discovery motion [73-1]. Crt ords dft must ask for lv to file disc mots; Ords prosecutor to provide tapes f/w and gr jy tn for wits. C/R: Tucker. (sv) (Entered: 02/13/2001) |
| 02/06/2001 | 129 | Notice of motion and motion authorizing production of documents production of pursuant to out of distict subpoenas filed by Lyle Howry Returnable on: 2/26/01. (vc) (Entered: 02/07/2001) |
| 02/08/2001 | 130 | RULE 20 CONSENT TO TRANSFER JURISDICTION by USA as to Thomas Zikorus transferring case to USDC, Southern District of New York at New York. (ca) (Entered: 02/08/2001) |
| 02/08/2001 | 131 | MOTION filed by Lyle Howry to suppress evidence illegally seized. Returnable on: 2/26/01; 10AM. Lodged Order. (sv) (Entered: 02/09/2001) |
| 02/12/2001 | 133 | ORDER filed by Judge Edward Rafeedie as to Lester Whalley: DENYING prop ord auth funds under CJA for paralegal. (cc: all counsel) (sv) (Entered: 02/14/2001) |
| 02/12/2001 | 134 | NOTICE OF DISCREPANCY AND ORDER by Judge Edward Rafeedie as to John Kissonas Striking dft's notice of motion/motion to suppress; prop order (vc) (Entered: 02/21/2001) |
| 02/21/2001 | 135 | RECEIPT AND ACKNOWLEDGEMENT of Rule 20 Documents filed as to Thomas Zikorus from USDC, Southern District of New York at New York. Transfer Case No.: 01CR123. (es) (Entered: 02/22/2001) |
| 02/28/2001 | 144 | Dismissal and order filed by Judge Edward Rafeedie as to Einar Christiani : dismissing count(s) as to Einar Christiani Einar Christiani (5) count(s) 1s , 1 , 2s , 2 . Pursuant to Rule 48 of the FRC, and by leave of court endorsed hereon, the US Atty for the CDC hereby moves to dismiss the above-referenced case w/o prej. Ent 3/14/01 (cc: all counsel) (vc) (Entered: 03/14/2001) |
| 02/28/2001 | 145 | Dismissal and order filed by Judge Edward Rafeedie as to Lyle Howry : Dismissing count(s) as to Lyle Howry Lyle Howry (3) count(s) cmp, 1s , 1 , 2s , 2 , 3s -4s , 3 -4 . Pursuant to Rule 48 of the FRCP, and by leave of court endorsed hereon, the US Atty for the CDC hereby moves to dismiss the above-referenced case w/o prejudice as to dft. Ent 3/14/01 (cc: all counsel) (vc) (Entered: 03/14/2001) |
| 03/01/2001 | 146 | ORDER filed by Judge Edward Rafeedie as to Lester Whalley : denying |

| | | |
|---|---|---|
| | | ex parte application motion for order authorizing interim payment on voucher under CJA [88-1] (cc: all counsel) (vc) (Entered: 03/14/2001) |
| 03/05/2001 | 139 | MINUTES OF CHANGE OF PLEA HEARING held before Judge Edward Rafeedie as to Lester Whalley : Defendant moves to change plea to the 2nd Superseding indictment. Plea of guilty entered by Lester Whalley (4) count(s) 1s, 2s, 3s-4s, 5s-6s , The Court questions the defendant regarding plea of guilty and finds it knowledgeable and voluntary and orders the plea accepted and entered. The Court refers Lester Whalley to the Probation Office for investigation and report. Sentence hearing set for 1:30 p.m., on 5/14/01 for Lester Whalley , C/R: Tucker (vc) (Entered: 03/14/2001) |
| 03/06/2001 | 136 | TRIAL MEMORANDUM filed by USA as to John Kissonas (vc) (Entered: 03/07/2001) |
| 03/06/2001 | 138 | MINUTES OF FURTHER PROCEEDINGS HEARING held before Judge Edward Rafeedie as to John Kissonas: Jury trial set for 9:30am on 3/7/01. IT IS FURTHER ORDERED that the physician at MDC examines the dft and provide him with the necessary medication. C/R: Mary Tucker (roz) (Entered: 03/08/2001) |
| 03/06/2001 | 140 | MINUTES OF JURY TRIAL HEARING held before Judge Edward Rafeedie as to John Kissonas : Victor Cannon, cnsl for the dft, informs the court of the dft's non appearance for trial. The Court order that the dft's bail is revoked and "no bail" bench warrant issued. The US Marshals are directed to bring the dft to court immediately when he is apprehended. C/R: TUCKER (vc) (Entered: 03/14/2001) |
| 03/06/2001 | 141 | LETTER from Heartbeat Cardiovascular Medical Group filed as to John Kissonas (vc) (Entered: 03/14/2001) |
| 03/06/2001 | 142 | LETTER rcvd from Astrik Davtian, M.D. filed as to John Kissonas (vc) (Entered: 03/14/2001) |
| 03/07/2001 | 137 | BENCH WARRANT returned executed as to John Kissonas 3/6/01 (ej) (Entered: 03/08/2001) |
| 03/07/2001 | 143 | MINUTES OF 1ST DAY JURY TRIAL held before Judge Edward Rafeedie as to John Kissonas : Court convenes w/o dft present. Court informs cnsl that the dft is hopitalized. Trial cont tentatively to Tuesday, 3/13/01 at 9:30 a.m. The Court ord that the dft's bond be revoked. No bail bench was issued and executed 3/6/01. It is hereby ord that the status be set upon the dft's release from the hostipal. Court finds this period of time excludable. C/R: Tucker (vc) (Entered: 03/14/2001) |
| 03/09/2001 | 174 | MINUTES OF CHANGE OF PLEA HEARING held before Judge Edward Rafeedie as to John Kissonas: Defendant moves to change plea to the 2nd super indi. Plea of guilty entered by Kissonas (2) count(s) 1s, 2s, 3s-4s, 5s-6s . The Court questions the defendant regarding plea of guilty and finds it knowledgeable and voluntary and orders the plea accepted and entered. The Court refers John Kissonas to the Probation Office for investigation and report. C/R: Tucker. (sv) (Entered: |

| | | 09/06/2001) |
|---|---|---|
| 04/18/2001 | 147 | NOTICE filed as to Thomas Zikorus of doc w/h from case file (sv) (Entered: 04/19/2001) |
| 05/01/2001 | 148 | MINUTES OF IN CHAMBERS HEARING held before Judge Edward Rafeedie as to John Kissonas, Lester Whalley : Sentence hearing set for 1:30 p.m., on 5/16/01 for John Kissonas, for Lester Whalley C/R: n/a (ca) (Entered: 05/04/2001) |
| 05/09/2001 | 149 | MINUTES OF IN CHAMBERS HEARING held before Judge Edward Rafeedie as to John Kissonas & Lester Whalley: Sentence hearing cont for 1:30 5/17/01. (sv) (Entered: 05/09/2001) |
| 05/11/2001 | 150 | POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS filed by Lester Whalley (sv) (Entered: 05/14/2001) |
| 05/16/2001 | 151 | EX PARTE APPLICATION for order filed by John Kissonas continuing sentencingi; decl of cnsl Lodged order (vc) (Entered: 05/17/2001) |
| 05/17/2001 | 155 | MINUTES OF SENTENCING held before Judge Edward Rafeedie as to Lester Whalley (4) count(s) 1s, 2s, 3s-4s, 5s-6s. B/P 27 mos; Supv rel 60 mos; Fines wvd; S/A $600; Total restn $1.28 million. Court advises Lester Whalley of to appeal. Defendant ordered to surrender by 12:00 8/20/01 for Lester Whalley . C/R: Tucker. (sv) (Entered: 06/04/2001) |
| 05/18/2001 | 152 | ORDER filed by Judge Edward Rafeedie as to John Kissonas : Granting ex parte application motion continuing sentencing; decl of cnsl [151-1] ; Sentence hearing set for 1:30 p.m., on 6/25/01 for John Kissonas (cc: all counsel) (ca) (Entered: 05/21/2001) |
| 05/25/2001 | 154 | MOTION filed by John Kissonas to correct error and material omission discovered . (sv) (Entered: 05/31/2001) |
| 05/29/2001 | 153 | MOTION filed by John Kissonas to continue sentencing PSR errors and materials of omission discovered as to John Kissonas . (sv) (Entered: 05/31/2001) |
| 06/01/2001 | 156 | JUDGMENT AND COMMITMENT issued to U.S. Marshal for Lester Whalley. Approved by Judge Edward Rafeedie. Entered on: 6/4/01. (sv) (Entered: 06/04/2001) |
| 06/25/2001 | 157 | MINUTES OF SENTENCING CONTINUANCE HEARING held before Judge Edward Rafeedie as to John Kissonas: Sentence hearing cont to 10:00am on 7/30/01. C/R: Mary Tucker (roz) (Entered: 07/03/2001) |
| 07/12/2001 | 158 | MINUTES OF IN CHAMBERS HEARING held before Judge Edward Rafeedie as to John Kissonas: On the Crt's own mot, the sentence hearing is cont to 7/31/01 @ 1:30pm. (es) (Entered: 07/16/2001) |
| 07/27/2001 | 159 | EX PARTE APPLICATION filed by Lester Whalley for order short time for hrg of dft's mot for addl time before self-committal. Lodged order an mot for addl time. (sv) (Entered: 07/30/2001) |
| 07/27/2001 | 160 | NOTICE filed by Lester Whalley of substitution of defense cnsl. (sv) |

| | | (Entered: 07/30/2001) |
|---|---|---|
| 07/30/2001 | 161 | NOTICE OF UNDER SEAL FILING by John Kissonas. (sv) (Entered: 07/31/2001) |
| 07/31/2001 | 163 | MINUTES OF SENTENCING HEARING held before Judge Edward Rafeedie as to John Kissonas: Crt rejects mot to correct factual disputes in the guideline presentence rpt & recommendation & dft's position re sentencing lodged 7/30/01. Crt fur ords dft to file any objs to presentence rpt w/in 5 days. Crt ords sentence hearing cont to 1:30 pm, 8/27/01. C/R: N/A. (sb) (Entered: 08/06/2001) |
| 08/06/2001 | 164 | NOTICE OF UNDER SEAL FILING by Thomas Zikorus. (sv) (Entered: 08/07/2001) |
| 08/07/2001 | 166 | NOTICE OF DISCREPANCY AND ORDER by Judge Edward Rafeedie as to John Kissonas Striking mot to correct factual disputes in the guideline. (sv) (Entered: 08/08/2001) |
| 08/10/2001 | | PLACED IN FILE - NOT USED: prop ord short time for hrg of dft's mot for addl time before sel-committal by Lester Whalley. (sv) (Entered: 08/13/2001) |
| 08/10/2001 | | PLACED IN FILE - NOT USED: prop ord gr dft's req for hrg on dft's motion for addl time before self committal by Lester Whalley. (sv) (Entered: 08/13/2001) |
| 08/10/2001 | | PLACED IN FILE - NOT USED: ntc of mot & mot for addl time before self-comittal by Lester Whalley. (sv) (Entered: 08/13/2001) |
| 08/10/2001 | | PLACED IN FILE - NOT USED: ntc of mot & mot req hrg on dft mot for addl time before self-committal by Lester Whalley. (sv) (Entered: 08/13/2001) |
| 08/13/2001 | 167 | SENTENCING MEMORANDUM filed by John Kissonas and comments re guideliine of PSR and recommendation; Memo PA in suppt thereof. (sv) (Entered: 08/14/2001) |
| 08/14/2001 | 168 | NOTICE OF FILING (UNDER SEAL) by USA as to John Kissonas Re: Position of ptys w/respect to sentencing factors. (sb) (Entered: 08/15/2001) |
| 08/16/2001 | 170 | EX PARTE APPLICATION filed by Lester Whalley for order shortening time to file & hear mot to reconsider denial of dft's mot to cont cust rptg date or in the alternative for order that dft be housed @ MDC pending hrg on dft's 28:2255 mot ; decl. Lodged ord. (sb) (Entered: 08/17/2001) |
| 08/20/2001 | 172 | ORDER filed by Judge Edward Rafeedie as to Lester Whalley: denying ex parte appl for order short time to file & hear mot to reconsider denial of dft's mot cont cust rptg date [170-1], denying ex parte appl for order that dft be housed @ MDC pending hrg on dft's 28:2255 mot. [170-2] (sv) (Entered: 08/22/2001) |
| 08/21/2001 | | PLACED IN FILE - NOT USED: ord short time to file accompanying |

| | | |
|---|---|---|
| | | mot to recon den of dft's mot to cont cust rptg date or in alt for an order that dft be housed at MDC pending hrg on 2255 mot by Lester Whalley. (sv) (Entered: 08/22/2001) |
| 08/21/2001 | 171 | SUBSTITUTION OF ATTORNEY filed as to John Kissonas. Attorney Terran T Steinhart substituting for attorney Victor Cannon for John Kissonas. Approved by Judge Edward Rafeedie. (sv) (Entered: 08/22/2001) |
| 08/21/2001 | 173 | SUBSTITUTION OF ATTORNEY filed as to Lester Whalley. Attorney Michael J Treman substituting for Dft (in pro per) Lester Whalley. Approved by Judge Edward Rafeedie. (sv) (Entered: 08/22/2001) |
| 08/27/2001 | 175 | MINUTES OF SENTENCING held before Judge Edward Rafeedie as to John Kissonas (2) count(s) 1s, 2s, 3s-4s, 5s-6s. B/P 48 mos; Supv rel 36 mos. Fines wvd. S/A $600. Total restn $2,430,000. Court advises John Kissonas of right to appeal. C/R: Tucker. (sv) (Entered: 09/06/2001) |
| 09/04/2001 | 176 | NOTICE OF APPEAL to USCA filed by John Kissonas from sen minutes [175-3], filed on: 8/27/01 and entered on: 9/6/01. Fee status: Billed. (cc: John P. Kissonas; Alejandro N. Mayorkas, U. S. Attorney, John S. Gordon, AUSA; Victor Cannon, DFPD; Terran T. Steinhart, The Law Offices of Terran T. Steinhart)(pjap) ) (app) (Entered: 09/10/2001) |
| 09/04/2001 | 179 | JUDGMENT AND COMMITMENT issued to U.S. Marshal for John Kissonas. Approved by Judge Edward Rafeedie. Entered on: 10/24/01. (sv) (Entered: 10/24/2001) |
| 09/18/2001 | 177 | ORDER FOR TIME SCHEDULE filed as to John Kissonas for [176-1]. Transcript designation due: 10/01/01; CR transcripts due: 10/30/01; Appellant's briefs & excerpts due: 12/10/01; Appellee's reply brief due: 01/09/02; Appellant's reply brief due by: 01/23/02. (cc: all counsel)(wdc) (app) (Entered: 09/18/2001) |
| 09/27/2001 | 178 | TELEPHONE VERIFICATION OF SURRENDER as to Lester Whalley . As of 8/23/01 the defendant is in custody at: Taft, FCI. BOP Official: Jeff Maston Exonerated bond as to Lester Whalley (vc) (Entered: 09/27/2001) |
| 10/03/2001 | | RECEIVED fee from John Kissonas rc [176-1] in amount of $ 105.00. (Receipt # 049189) (wdc) (app) (Entered: 10/03/2001) |
| 10/23/2001 | 180 | REMARK Change of Address filed by John Kissonas; 15520-112, WCC/Taft F.C.I., P.O. Box 7001, Unit A2B 29XL, Taft, Ca 93268. (fvap) (app) (Entered: 10/24/2001) |
| 10/25/2001 | 181 | NOTIFICATION by United States Court of Appeals as to John Kissonas, designating USCA Appeal No. 01-50587 assigned to appeal [176-1]. (weap) (app) (Entered: 10/25/2001) |
| 11/09/2001 | 182 | MOTION,AFFIDAVIT AND ORDER filed by John Kissonas,In Forma Pauperis (28 USC 753 (f) and 1915. The court has considered the motion and the motion is granted. (ghap) (Entered: 11/13/2001) |
| | | |

| 11/21/2001 | 183 | ORDER from USCA on 11/9/01, the dist crt GR appnt permisson to proceed in FP. This crt, on its own mot,appt cnsl for appnt. Cnsl will be appt by separate ord. The clk shall serve a copy of this ord by fax on Maria E. Stratton,DFPD,(213)894-0081,who will locate appt cnsl. This dist crt shall provide this crt with the name & address of appt cnsl by fax (415)556-6228,w/in 14 days of locating cns. (01-50587) (ghap) (Entered: 11/27/2001) |
| --- | --- | --- |
| 02/15/2002 | 184 | TRANSCRIPT DESIGNATION filed by John Kissonas for transcript of 11/06/00, 02/05/01, 03/06/01, 03/06/01, 03/07/01, 03/09/01, 05/17/01, 06/25/01, 08/27/01, CR: Mary Tucker, referencing appeal [176-1]. (USCA No.: 01-50587) (cbr) (Entered: 02/19/2002) |
| 03/27/2002 | 185 | RECEIPT for Transcripts of proceedings held on: 2/5/01, 3/6/01, 3/9/01, 5/17/01, 6/25/01, 8/27/01 CR: Mary Tucker (pjap) (Entered: 03/28/2002) |
| 03/27/2002 | | TRANSCRIPT filed for proceedings held on 2/5/01 as to Lyle Howry. (pjap) (Entered: 03/28/2002) |
| 03/27/2002 | | TRANSCRIPT filed for proceedings held on 3/6/01 as to John Kissonas. (pjap) (Entered: 03/28/2002) |
| 03/27/2002 | | TRANSCRIPT filed for proceedings held on 3/9/01 as to John Kissonas. (pjap) (Entered: 03/28/2002) |
| 03/27/2002 | | TRANSCRIPT filed for proceedings held on 5/17/01 as to Lester Whalley. (pjap) (Entered: 03/28/2002) |
| 03/27/2002 | | TRANSCRIPT filed for proceedings held on 6/25/01 as to John Kissonas. (pjap) (Entered: 03/28/2002) |
| 03/27/2002 | | TRANSCRIPT filed for proceedings held on 8/27/01 as to John Kissonas. (pjap) (Entered: 03/28/2002) |
| 03/27/2002 | | TRANSCRIPT filed for proceedings held on 8/27/01 as to John Kissonas. (pjap) (Entered: 03/29/2002) |
| 06/13/2002 | 186 | AMENDED TRANSCRIPT DESIGNATION filed by John Kissonas deleting transcript of 11/6/01, 3/7/01; designating 7/31/01, CR: M. Tucker. referencing. (USCA No.: 01-50587.) [186-1] (fvap) Modified on 10/15/2002 (Entered: 06/13/2002) |
| 06/24/2002 | 187 | ORDER from USCA Applnt's mot for lv to file amd transcript designation is GR. W/in 14 days from date of this ord, applnt shall file amd transc desgntn form w/dist court. Court Reporter Mary Tucker shall file transcs w/dist court by 8/2/02. Briefing sched set. (01-50587) (pjap) (Entered: 07/02/2002) |
| 07/18/2002 | 188 | REQUEST filed by John Kissonas to enforce Crt ord restitution paymnent req scheduled of twenty five dollars (USD 25.00) per quarter (dmap) (Entered: 07/22/2002) |
| 07/23/2002 | 189 | RECEIPT for Transcripts of proceedings held on: 6/25/01, 7/31/01, C/R: Mary Tucker. (wdc) (Entered: 07/24/2002) |
| | | |

| | | |
|---|---|---|
| 07/23/2002 | | TRANSCRIPT filed for proceedings held on 06/25/01 as to John Kissonas. (wdc) (Entered: 07/24/2002) |
| 07/23/2002 | | TRANSCRIPT filed for proceedings held on 07/31/01 as to John Kissonas. (wdc) (Entered: 07/24/2002) |
| 07/25/2002 | 190 | PETITION FOR WRIT OF HABEAS CORPUS MOTION FOR SENTENCE MODIFICATION PURS TO 28 U.S.C. 1362; 3621, 3742 & Rule 35(C) OF THE FRCP & 28 C.F.R. 550.54(III) filed by John Kissonas (dmap) (Entered: 07/26/2002) |
| 08/21/2002 | | PLACED IN FILE - NOT USED: Ord (Prop) by John Kissonas (dmap) (Entered: 08/22/2002) |
| 08/21/2002 | 191 | ORDER filed by Judge Edward Rafeedie as to John Kissonas : It is ord req to enforce Crt ord restitution req scheduled of twenty-five dollars per quarter is DEN. (cc: all counsel) (dmap) (Entered: 08/22/2002) |
| 10/01/2002 | 192 | APPLICATION filed by John Kissonas For Order Unsealing the Government's Sentencing Position Paper Regarding John P Kissonas Lodged Order (es) (Entered: 10/02/2002) |
| 10/15/2002 | 193 | CERTIFICATE of Record Transmitted to USCA-01-50587 re [176-1]. (cc: all counsel) (wdc) (Entered: 10/15/2002) |
| 02/04/2003 | 194 | MINUTES OF IN CHAMBERS HEARING held before Judge Edward Rafeedie as to John Kissonas: Returned as an attachment to this minute order is the letter sent to Judge Rafeedie from Ted L Gunderson, received 1/28/03, regarding the above-entitled matter. Your attention is directed to Local Rule 83-2.11 which prohibits writing letters to the Judge. All matters shall be called to the Judge's attention by appropriate application or motion filed in accordance with the Local Rules. Your compliance with Local Rule 83-2.11 in the future will be appreciated. C/R: None. (sv) (Entered: 02/06/2003) |
| 03/14/2003 | 195 | NOTICE OF DISCREPANCY AND ORDER by Judge Edward Rafeedie Striking motion to amend judgment nunc pro tunc to confirm to order of court and for restraining order. (ca) (Entered: 03/17/2003) |
| 03/26/2003 | 196 | MOTION filed by Lester Whalley to amend judgment Nunc Pro Tunct to conform to order of court and for restraining orders and sanctions . (ca) (Entered: 03/27/2003) |
| 04/15/2003 | 197 | JOINT MOTION filed by John Kissonas and USA for clarification of judgment and commitment order. (sv) (Entered: 04/16/2003) |
| 04/30/2003 | 198 | ORDER filed by Judge Edward Rafeedie: amending the judgment and commitment order nunc pro tunc to delete the provisions requiring restitution and to amend the period of supervised release. (cc: all counsel) (sv) (Entered: 05/01/2003) |
| 05/01/2003 | 199 | ORDER filed by Judge Edward Rafeedie as to John Kissonas: granting motion for clarification of judgment and commitment order re amount of restitution and the appropriate recipients of restitution. [197-1] (1) The |

| | | |
|---|---|---|
| | | amount of restitution owed shall be changed from $2.43 million to $1.28 million and (2) The $1.28 million shall be paid to: Matthew Staver-$690; Charles Kearns-$250K; Phil Peterson-$40K; Menno Wagler-$250K; and Nic Meredith-$50K. (cc: all counsel) (sv) (Entered: 05/02/2003) |
| 05/01/2003 | | PLACED IN FILE - NOT USED: proposed order permitting review and copying of government's sentencing position paper re defendant by John Kissonas (sv) (Entered: 05/02/2003) |
| 05/20/2003 | 200 | REQUEST filed by John Kissonas for extention of time to file supplemental pleadings - optional reply brief motion in the United States District Court (sv) (Entered: 05/21/2003) |
| 05/21/2003 | 201 | NOTICE OF APPEAL to USCA filed by John Kissonas from order [199-1], filed on: 5/1/03 and entered on: 5/2/03. Fee status: Billed, forms given, TDO (cc: John P.Kissonas, pro se; Michael J. Raphael, AUSA; Kenneth Miller) (weap) Modified on 05/28/2003 (Entered: 05/23/2003) |
| 05/23/2003 | 202 | MINUTES OF IN CHAMBERS HEARING held before Judge Edward Rafeedie as to John Kissonas: granting request for 10 day extension up to and including 5/29/03 in which to file responsive pleadings to the court's 5/1/03 order granting motion for clarification of judgment and commitment order. [200-1] C/R: None. (sv) (Entered: 05/28/2003) |
| 05/23/2003 | 204 | NOTICE OF CHANGE OF Address filed by defendant Lester F. Whalley. TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that the address of defendant, Lester Whalley will be changed effective 6/9/03 to: 3191 Gardenia Lane, Yorba Linda, CA 92886. Please mail all pleadings and legal notices filed after 6/9/03 to the new address. (roz) Modified on 08/06/2003 (Entered: 05/28/2003) |
| 05/28/2003 | 203 | ORDER FOR TIME SCHEDULE filed as to John Kissonas for [201-1]. Transcript designation due: 6/13/03; C/R transcripts due: 7/14/03; Appellant's briefs & excerpts due: 8/22/03; Appellee's reply brief due: 9/22/03; Appellant's reply brief due by: 10/6/03. (cc: all counsel) (ghap) (Entered: 05/28/2003) |
| 06/04/2003 | 205 | NOTIFICATION by United States Court of Appeals as to John Kissonas, designating USCA Appeal No. 03-50243 assigned to appeal [201-1]. (pjap) (Entered: 06/04/2003) |
| 06/10/2003 | | RECEIVED fee from John Kissonas re [201-1] in amount of $ 105.00. (Receipt # 41076) (wdc) (Entered: 06/10/2003) |
| 06/19/2003 | 206 | ORDER from USCA accordingly, the clerk shall enter Kenneth Miller, on the docket as appointed counsel of record for the appellant. (03-50243) (weap) (Entered: 06/27/2003) |
| 06/27/2003 | 207 | NOTICE OF DISCREPANCY AND ORDER by Judge Edward Rafeedie as to John Kissonas Striking "Supplemental Pleadings Pursuant to C.R. 36" receibed 6/23/03, not to be filed but returned to counsel. (fvap) Modified on 06/30/2003 (Entered: 06/30/2003) |
| | | |

| | | |
|---|---|---|
| 07/03/2003 | 208 | NOTICE OF APPEAL to USCA filed by Lester Whalley from order [198-2], filed on: 4/30/03 and entered on: 5/1/03. Fee status: Paid, frms gvn, TDO (cc: Lester F. Whalley, in pro per; Alejandro N. Mayorkas, AUSA) (weap) (Entered: 07/09/2003) |
| 07/15/2003 | 209 | ORDER FOR TIME SCHEDULE filed as to Lester Whalley for [208-1]. Transcript designation due: 7/30/03; C/R transcripts due: 8/29/03; Appellant's briefs & excerpts due: 10/8/03; Appellee's reply brief due: 11/7/03; Appellant's reply brief due by: 11/21/03. (cc: all counsel) (pjap) (Entered: 07/15/2003) |
| 07/21/2003 | 210 | NOTIFICATION by United States Court of Appeals as to Lester Whalley, designating USCA Appeal No. 03-50340 assigned to appeal [208-1]. (wdc) (Entered: 07/21/2003) |
| 07/21/2003 | 211 | NOTICE filed by Lester Whalley of entry of order deleting provisions requiring restitution; ordering refund of all funds taken from defendant and modifying terms of probation, nunc pro tunc. (sv) (Entered: 07/22/2003) |
| 07/23/2003 | 212 | SUBSTITUTION OF ATTORNEY filed as to John Kissonas. Pro per defendant, John Panos Kissonas substituting for attorney Terran T Steinhart for defendant John Kissonas. Approved by Judge Edward Rafeedie. (sv) (Entered: 07/24/2003) |
| 07/30/2003 | 213 | TRANSCRIPT DESIGNATION filed by Lester Whalley for transcript of 2/5/01, 5/17/01 CR: Mary Tucker referencing appeal [208-1]. (USCA No.: 03-50340) (ghap) (Entered: 08/05/2003) |
| 07/30/2003 | 214 | NOTICE to prepare clerk's transcript on appeal filed by Lester Whalley. (ghap) (Entered: 08/05/2003) |
| 08/20/2003 | 216 | CERTIFICATE of Record Transmitted to USCA [208-1] re [208-1] (cc: all counsel) (weap) (Entered: 08/25/2003) |
| 08/22/2003 | 215 | EX PARTE APPLICATION filed by Lester Whalley to be relieved as counsel of record for defendant. Lodged order. (sv) (Entered: 08/25/2003) |
| 09/03/2003 | 219 | RESPONSE filed by Lester Whalley to ex parte application motion to be relieved as counsel of record for defendant. [215-1] (sv) (Entered: 09/19/2003) |
| 09/05/2003 | 217 | MOTION filed by Lester Whalley to further amend judgment and/or to correct clerical errors and clarify ambiguities and for restraining orders. (sv) (Entered: 09/09/2003) |
| 09/17/2003 | 218 | NOTICE OF DISCREPANCY AND ORDER by Judge Edward Rafeedie as to Lester Whalley Document motion to be removed as counsel ordered filed and processed. (sv) (Entered: 09/19/2003) |
| 10/06/2003 | 220 | Notice of motion and motion for and order amending the judgment and commitment order to delete all provisions re defendant's restitution obligations; Returnable on: 11/17/03 at 10:00 a.m.. (vc) (Entered: |

| | | |
|---|---|---|
| | | 10/07/2003) |
| 10/15/2003 | 222 | Defendant's Pro Se Motion filed by John Kissonas requesting order for the release of securoty interest in certain real property identified as the real property located at 12219 Hart Street, North Hollywood, CA 91605-5632 by Ms. Sherri R. Carter, Clerk of US District Court for CDC (Western Division) as beneficiary to Mrs. Clare Kissonas "Trustor" which was pledged as security for the benefit of defendant John Panas Kissonas in favor of "Beneficiary" with the official Geles County California under consolidated document nos 99-1555711 and 99-1613482 deed(s) trust ans assignment (s) of rent (s) with accompanying proposed "order of release of property and proposed deed reassigning property to original trustor". (vc) (Entered: 10/27/2003) |
| 10/15/2003 | 223 | Defendant's Pro Se motion requesting order for the release of security interest on certain real propertu identified as the real property located at 12219 Hart Street, North Hollywood, CA 91605-5632 by Ms. Sherri Carter, Clerk of Court, CDC (Western Div) as "Benificiary" to Mrs. Clarke Kissonas " Trustor", which was pledged as security for the benefit in favor of records recorders office Los Angeles County California under consolidated document(s) nos: 99-1555711 and 99-1613482 deed(s) trust and assignment(s) of rent(s) with accompanying proposed order of release of property and proposed "Deed reassigning property to original trustors" filed by John Kissonas (vc) (Entered: 10/27/2003) |
| 10/23/2003 | 221 | ORDER from USCA Court has reviewed appellant's response to 08/05/03 order to show cause. This pro se appeal dismissed for lack of jurisdiction. Motion of Michael J. Treman, Esq. to withdraw as counsel for appellant granted. No Motions for reconsideration, modification, or clarification of order shall be filed or entertained. (03-50340) (wdc) (Entered: 10/24/2003) |
| 11/14/2003 | 224 | EX PARTE APPLICATION filed by USA as to John Kissonas for an order continuing hering on dft's motion to amend judgment and commitment order; decl of Daniel N. Shallman; Lodged order (vc) (Entered: 11/14/2003) |
| 11/14/2003 | 225 | ORDER filed by Judge Edward Rafeedie as to John Kissonas : Granting ex parte application motion for an order [224-1]. Motions hearing continued to 10:00 a.m., on 1/19/04 for John Kissonas . IT IS SO ORDERED. (cc: all counsel) (ca) (Entered: 11/18/2003) |
| 11/17/2003 | | LODGED certified copy of 9thCCA judgment from USCA as to Lester Whalley referencing appeal [208-1]. Directing that judgment of district court is hereby dismissed. (USCA NO.: 03-50340) (ghap) (Entered: 11/18/2003) |
| 11/19/2003 | 226 | MINUTES OF FILING AND SPREADING MANDATE held before Judge Edward Rafeedie as to Lester Whalley : The Court orders that the mandate of the USCA Dismissing the appeal [208-1] is hereby filed and spread upon the minutes of the Court. Entered on: 11/20/03 C/R: n/a (ca) (Entered: 11/20/2003) |
| | | |

| 11/19/2003 | 227 | CERTIFIED COPY OF JUDGMENT from USCA as to Lester Whalley dismissing the appeal [208-1] (cc: all counsel). Entered on: 11/20/03 (ca) (Entered: 11/20/2003) |
|---|---|---|
| 11/25/2003 | 228 | ORDER filed by Judge Edward Rafeedie as to Lester Whalley : It is ordered the ex parte application to be relieved as counsel of record for defendant is granted [215-1]. Defendant is acting pro per. (cc: all counsel) (dmap) (Entered: 11/26/2003) |
| 12/11/2003 | 229 | MINUTES OF IN CHAMBERS HEARING held before Judge Edward Rafeedie as to Lyle Howry : The Court having dismissed all counts against defendant on 2/28/01, hereby orders his bond exonerated & his passport returned. [41-1], [24-1] . C/R: None Present (dmap) (Entered: 12/12/2003) |
| 12/24/2003 | 230 | MAIL RETURNED UNDELIVERABLE as to Lyle Howry Item: Passport Return Letter. Does not live here. (roz) (Entered: 12/30/2003) |
| 01/12/2004 | 231 | REQUEST filed by Lester Whalley for Ruling (dmap) (Entered: 01/14/2004) |
| 01/20/2004 | 232 | ORDER filed by Judge Edward Rafeedie as to Lester Whalley: denying proposed order amending judgment and commitment order nunc pro tunc to delete the provision requiring restitution and to amend the period of supervised release. [231-1] (cc: all counsel) (sv) (Entered: 01/22/2004) |
| 02/04/2004 | 233 | RECEIPT FOR RETURN OF PASSPORT filed as to Lyle Howry in reference to bond. Passport No.: 036440847. (sv) (Entered: 02/05/2004) |
| 02/12/2004 | 235 | MINUTES OF IN CHAMBERS HEARING held before Judge Edward Rafeedie as to John Kissonas: The court orders government to file responsive pleadings to defendant's motion for an order amending the Judgment and Commitment Order to deleate all provisions of defendant's restitution obligations and defendant's motion requesting order for the release of security interest on certain real property located at 12219 Hart Street, North Hollywood, CA 91605. C/R: None. (sv) (Entered: 02/19/2004) |
| 02/13/2004 | 234 | ORDER from USCA, received in district court 2/17/04. Appellant's motion for an extension of time to file a pro se supplemental brief is granted. Appellant may file a pro se supplemental opening brief raising any issues by March 10, 2004. (01-50587, 03-50243) (weap) (Entered: 02/19/2004) |
| 02/23/2004 | 236 | RESPONSE filed by USA as to John Kissonas to motion [223-1], motion requesting order for the release [222-1], motion [220-1] (sv) (Entered: 02/24/2004) |
| 03/15/2004 | 238 | ORDER (1) granting defendant's motion for an order releasing security of interest on real property and (2) denying defendant's motion for an order amending the judgment and commitment order filed by Judge Edward Rafeedie as to John Kissonas denying motion [220-1], granting motion [223-1], granting motion requesting order for the release [222-1] Because |

| | | |
|---|---|---|
| | | the govt does not object to dft's motion for release of any security interest on 12219 Hart Street, North Hollywood, CA , the bond is exonerated and the request is granted. (cc: all counsel) (vc) (Entered: 03/18/2004) |
| 03/16/2004 | 237 | EXHIBIT D filed by John Kissonas in support of motion for an order amending the judgment and commitment order to delete all provisions re defendant's restitution obligations. (sv) (Entered: 03/17/2004) |
| 03/19/2004 | | BOND REMARK: Fwd to the Admin Ofc (2) recorded deeds of trusts instrument no 99 1555711 and 99 1613482 for reconveyance of property located at 12219 Hart Street, North Hollywood, CA 91605 filed as to John Kissonas (vc) (Entered: 03/19/2004) |
| 03/23/2004 | 241 | RECONVEYANCE AND INSTRUCTION LETTER mailed on 3/23/04 to Mrs. Clare Kissonas at 12219 Hart Street, North Hollywood, CA 91605 for property located at the same address signed by Clare Kissonas on 4/1/04 filed as to John Kissonas. (roz) (Entered: 04/16/2004) |
| 04/07/2004 | 239 | RECORD ON APPEAL FORWARDED TO USCA 1 thru 6 volumes original clerks file, 8 volumes C/R transcripts. (01-50587, 03-50243) (ghap) (Entered: 04/07/2004) |
| 04/07/2004 | 240 | RECORD ON APPEAL FORWARDED TO USCA 11 sealed documents # 64, 65, 68, 69, 72, 87, 122, 147, 162, 165, 169. (01-50587, 03-50243) (ghap) (Entered: 04/07/2004) |
| 06/09/2004 | 242 | MANDATE of 9th CCA field as to as to John Kissonas re Appeal to Circuit Court, CCA #01-50587 & #03-50243. The appeal is affirmed. Mandate received in this distric ton 6/15/04. [201-1], [176-1] (cc: all counsel) . (es) (Entered: 06/16/2004) |
| 06/15/2004 | 243 | NOTICE OF DISCREPANCY AND ORDER by Judge Edward Rafeedie as to Lester Whalley Document Motion to Terminate Supervised Release ordered filed and processed. (roz) (Entered: 06/21/2004) |
| 06/16/2004 | 244 | NOTICE OF MOTION AND MOTION filed by Lester Whalley to Terminate Supervised Release effective 8/4/04 . (roz) (Entered: 06/21/2004) |
| 06/22/2004 | 245 | NOTICE OF DISCREPANCY AND ORDER by Judge Edward Rafeedie as to Lester Whalley Striking Notice of Motion and Motion to terminate Supervised Release Effective 8/4/04; Declaration of Lester Whalley. (roz) (Entered: 06/23/2004) |
| 07/08/2004 | 246 | NOTICE OF MOTION AND MOTION filed by Lester Whalley to terminate supervised release effectie 8/4/04. Returnable on: 7/26/04, 10:00 a.m. (ca) (Entered: 07/12/2004) |
| 07/15/2004 | 247 | MINUTES OF IN CHAMBERS HEARING held before Judge Edward Rafeedie as to Lester Whalley : Motion to Terminate Supervised Release. Motions hearing set for 10:00 a.m., on 8/9/04 for Lester Whalley. Any brief in opposition is due on or before 7/26/04 and reply brief is due by 8/2/04. IT IS SO ORDERED. C/R: None Present (ca) (Entered: 07/19/2004) |

| 07/26/2004 | 248 | MEMORANDUM filed by USA as to Lester Whalley in opposition to motion to terminate supervised release effective 8/4/04. [246-1] (vc) (Entered: 07/27/2004) |
| 08/02/2004 | 249 | REPLY by Lester Whalley to [248-1] . (vc) (Entered: 08/03/2004) |
| 08/12/2004 | 250 | ORDER filed by Judge Edward Rafeedie as to Lester Whalley : Denying motion for early termination of supervised release 8/4/04 [246-1]. (cc: all counsel) (ca) (Entered: 08/13/2004) |
| 09/22/2005 | 251 | MINUTES OF IN CHAMBERS HEARING held before Judge Edward Rafeedie as to John Kissonas: The Court, having sentenced defnedant John Kissonas on 8/27/01 on the Second Superseding Indictment, now dismisses any remaining counts of the second superseding indictment and all underlyin counts. C/R: none present (es) (Entered: 09/23/2005) |
| 09/22/2005 | 252 | MINUTES OF IN CHAMBERS HEARING held before Judge Edward Rafeedie as to Lester Whalley : The Court, having sentenced defendnat Lester Whalley on 5/17/01 on the Second Superseding Indictment, now dismisses the remaining counts of the Second Superseding Indictment and all underlying indictments and/or information. C/R: none present (es) (Entered: 09/23/2005) |
| 03/20/2006 | 253 | REPORT AND ORDER TERMINATING PROBATION/Supervised Release Prior to Original Expiration Date as to Lester Whalley Ordered by Judge Edward Rafeedie . (es) (Entered: 03/24/2006) |
| 03/29/2006 | 254 | NOTICE of Change of Address changing address to 4471 Southern Point Lane, Yorba Linda, CA 92886. Filed by plaintiff Lester F. Whalley (am, ) (Entered: 04/20/2006) |
| 05/15/2006 | 255 | REQUEST for Return of Passport filed by defendant Lester F. Whalley. Lodged Order.(jp, ) (Entered: 05/30/2006) |
| 06/05/2006 | 256 | ORDER by Judge Edward Rafeedie as to Defendant Lester Whalley, GRANTING REQUEST for Return of Passport [255]. (roz, ) (Entered: 06/07/2006) |
| 07/13/2006 | 257 | LETTER from defendant Lester Whalley requesting passport be mailed with a self-addressed stamped envelope filed by Defendant Lester Whalley. Copy forwarded to exhibits. (ca, ) (Entered: 07/25/2006) |
| 03/14/2007 | 258 | SATISFACTION OF JUDGMENT filed by Plaintiff USA as to Defendant John Kissonas (Segina, Zoran) (Entered: 03/14/2007) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 02/04/2008 13:07:37 | | |
| **PACER Login:** | us3365 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:00-cr-00801-ER |

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

– – – –

HONORABLE EDWARD RAFEEDIE, SENIOR JUDGE PRESIDING

– – – – –

*108-99-008*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CASE NO. CR-00-801-ER |
| | ) | |
| LESTER WHALLEY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

COPY

REPORTER'S TRANSCRIPT OF PROCEEDINGS

LOS ANGELES, CALIFORNIA

**THURSDAY, MAY 17, 2001**

MARY TUCKER, CSR 9308
OFFICIAL COURT REPORTER
440 U.S. COURTHOUSE
312 NORTH SPRING STREET
LOS ANGELES, CALIF. 90012
213/687-0530

```
1

2      APPEARANCES:

3

4         FOR THE PLAINTIFF:

5             U.S. DEPARTMENT OF JUSTICE
               UNITED STATES ATTORNEY
6             SOUTHERN DISTRICT OF NEW YORK
               TIFFANY M. ERWIN
7             ASSISTANT UNITED STATES ATTORNEY
               ONE SAINT ANDREW'S PLACE
8             NEW YORK, NEW YORK  10007

9

10

11        FOR THE DEFENDANT:

12            GREGORY NICOLAYSEN
               8530 WILSHIRE BOULEVARD
13            SUITE 404
               BEVERLY HILLS, CALIFORNIA  90211

14

15

16

17

18

19

20

21

22

23

24

25
```

3

LOS ANGELES, CALIFORNIA; THURSDAY, MAY 17, 2001

(1:30 P.M.)

THE CLERK:  CR-00-801, UNITED STATES OF AMERICA

V. LESTER WHALLEY.

MS. ERWIN:  TIFFANY ERWIN FOR THE GOVERNMENT, GOOD

AFTERNOON.

MR. NICOLAYSEN:  GOOD AFTERNOON, YOUR HONOR.

GREGORY NICOLAYSEN, COUNSEL OF RECORD, FOR MR. WHALLEY, WHO

IS PRESENT ON BOND.

THE COURT:  THIS MATTER IS BEFORE THE COURT FOR

PRONOUNCEMENT OF JUDGMENT AND IMPOSITION OF SENTENCE.  THE

COURT HAS RECEIVED, READ, AND CONSIDERED THE PRESENTENCE

REPORT, THE SENTENCING MEMORANDA SUBMITTED BY THE PARTIES,

AND THE LETTERS SUBMITTED IN SUPPORT OF THE DEFENDANT, AS

WELL AS THE PLEA AGREEMENT BETWEEN THE PARTIES.

HAVE YOU AND YOUR CLIENT HAD THE OPPORTUNITY TO

READ THE PRESENTENCE REPORT?

MR. NICOLAYSEN:  WE HAVE, YOUR HONOR, AND --

THE COURT:  EXCEPT FOR THOSE ISSUES THAT YOU HAVE

RAISED IN YOUR SENTENCING MEMORANDUM, IS THE PRESENTENCE

REPORT OTHERWISE FACTUALLY ACCURATE?

MR. NICOLAYSEN:  IT IS, YOUR HONOR.

THE COURT:  NOW, UNDER THE PLEA AGREEMENT IN THIS

CASE, THE PARTIES HAVE AGREED THAT THE TOTAL OFFENSE LEVEL

IN THIS CASE SHOULD BE 18, AND A GUIDELINE SENTENCING RANGE

1  OF 27 TO 33 MONTHS.

2          IS THAT THE AGREEMENT, COUNSEL?

3          MR. NICOLAYSEN:  IT IS THE AGREEMENT, YES.

4          THE COURT:  AND, MR. WHALLEY, DO YOU UNDERSTAND

5  THAT THAT IS THE AGREEMENT?

6          THE DEFENDANT:  YES, YOUR HONOR.

7          THE COURT:  ALL RIGHT.  THE COURT WILL FOLLOW THE

8  AGREEMENT OF THE PARTIES IN SENTENCING THE DEFENDANT,

9  RATHER THAN THE PROBATION REPORT.

10         NOW, THE FACTUAL OBJECTIONS THAT THE DEFENDANT

11 MAKES ARE FOUR CLERICAL CORRECTIONS TO THE PRESENTENCE

12 REPORT WHICH HAVE NO BEARING UPON THE SENTENCE THAT THE

13 DEFENDANT WILL RECEIVE.

14         BUT THERE IS NO OBJECTION TO HAVING THESE

15 CORRECTIONS MADE IN THE PRESENTENCE REPORT?

16         MS. ERWIN:  NONE, YOUR HONOR.

17         THE COURT:  THE COURT ORDERS THAT THESE

18 CORRECTIONS BE MADE AS SPELLED OUT IN THE DEFENDANT'S

19 SENTENCING MEMORANDA.

20         MR. NICOLAYSEN:  IS YOUR HONOR ALSO DIRECTING THE

21 PROBATION OFFICE TO ISSUE A CORRECTED PSR?

22         THE COURT:  THAT'S RIGHT.  YES.

23         THE FRAUD LOSS AMOUNT WHICH WAS PART OF THE

24 CALCULATION IN THIS CASE, THE AGREED SUM IN THE AGREEMENT

25 WAS 2,430,000, WHICH RESULTED IN A 12 LEVEL INCREASE FOR

5

1   FRAUD LOSS PURSUANT TO GUIDELINE 2(F)1.1(B)1(M).

2            MS. ERWIN:  YOUR HONOR, THAT'S THE AMOUNT

3   PROBATION DETERMINED.  THE PLEA AGREEMENT --

4            THE COURT:  WHAT WAS YOUR AMOUNT, 2.9 MILLION?

5            MS. ERWIN:  YES, YOUR HONOR.

6            THE COURT:  THAT'S THE AMOUNT THAT WAS AGREED UPON

7   TO BE USED AS A BASIS, AND THAT RESULTED IN A 12 LEVEL

8   INCREASE IN THE BASE LEVEL; RIGHT?  THAT'S THE AGREED

9   AMOUNT, IS IT NOT?

10           MR. NICOLAYSEN:  THE AGREED AMOUNT IS 2.9 MILLION.

11           MS. ERWIN:  IT RESULTS IN A 13 LEVEL INCREASE

12  PURSUANT TO --

13           MR. NICOLAYSEN:  THAT'S RIGHT.  IT IS A 13 LEVEL

14  INCREASE.

15           THE COURT:  YES.  AND THAT'S WHAT TAKES IT TO 18.

16           MS. ERWIN:  THAT IS CORRECT.

17           THE COURT:  AFTER THE REDUCTION FOR ACCEPTANCE.

18           MR. NICOLAYSEN:  THAT IS CORRECT.

19           THE COURT:  THAT IS THE BASIS ON WHICH THE COURT

20  WILL SENTENCE THE DEFENDANT.

21           IS THERE ANY LEGAL CAUSE AT THIS TIME WHY JUDGMENT

22  AND SENTENCE SHOULD NOT BE IMPOSED?

23           MR. NICOLAYSEN:  NO, YOUR HONOR.

24           I WOULD ASK THE COURT TO PERMIT ME TO SPEAK

25  BRIEFLY TO THE ISSUE OF WHERE WITHIN THE RANGE SENTENCE

6

1   SHOULD BE IMPOSE AND --

2        THE COURT:  DO YOU WISH TO BE HEARD ON THAT?

3        MR. NICOLAYSEN:  I ASK YOUR HONOR FOR THAT

4   OPPORTUNITY, GIVEN THAT WE ALL AGREE THAT THE RANGE --

5        THE COURT:  DO YOU HAVE A RECOMMENDATION ON THIS?

6        MS. ERWIN:  NO, YOUR HONOR, BUT I WOULD LIKE TO

7   SPEAK TO A SEPARATE ISSUE, WHICH IS THE RESTITUTION ISSUE,

8   WHENEVER THE COURT WOULD LIKE ME TO DO SO.

9        THE COURT:  RESTITUTION WAS AGREED UPON, TOO, WAS

10  IT NOT?

11       MS. ERWIN:  IT WAS, YOUR HONOR.  THE PROBATION

12  DEPARTMENT DID NOT INCLUDE IN THE VICTIM IMPACT STATEMENT,

13  IN OTHER WORDS, IN THE RESTITUTION COMPONENT OF THE PSR ONE

14  VICTIM BY THE NAME OF ALBERT KORNGUTE, WHO INVESTED A

15  MILLION DOLLARS.

16       THE COURT:  WHAT WAS THE NAME?

17       MS. ERWIN:  ALBERT KORNGUTE.

18       THE COURT:  HE WAS OMITTED FROM THE --

19       MS. ERWIN:  HE WAS OMITTED FROM THE LIST OF

20  VICTIMS WITH RESPECT TO RESTITUTION.  HE WAS INCLUDED IN

21  THE FRAUD AMOUNT.

22       THE COURT:  RESTITUTION IS WHAT WE ARE TALKING

23  ABOUT.  ALBERT WHAT?

24       MS. ERWIN:  ALBERT K-O-R-N-G-U-T-E.

25       THE COURT:  AND HE LOST A MILLION DOLLARS IN THIS

1  SCHEME?

2          MS. ERWIN:  HE DID.

3          MR. NICOLAYSEN:  I OBJECT TO THAT.  HE DIDN'T LOSE

4  A MILLION DOLLARS --

5          MS. ERWIN:  IF I COULD FINISH MY THOUGHT BEFORE

6  YOU OBJECT.

7          THE REASON THAT PROBATION DID NOT INCLUDE HIM IN

8  THE VICTIMS WITH RESPECT TO RESTITUTION, IS THE SECRET

9  SERVICE STEPPED IN AND SEIZED MONEY IN AN ACCOUNT HELD IN

10  THE NAME OF LESTER WHALLEY, A LITTLE OVER A MILLION

11  DOLLARS.  THAT MONEY WAS MONEY THAT MR. KORNGUTE HAD WIRED

12  INTO THE LESTER F. WHALLEY TRUST ACCOUNT FOR THIS

13  INVESTMENT.

14          PROBATION'S LOGIC FOR NOT INCLUDING MR.

15  KORNGUTE --

16          THE COURT:  IS THERE AN AGREED SUM THAT IS AGREED

17  UPON?

18          MS. ERWIN:  WELL, THERE IS.  IT'S A MILLION

19  DOLLARS, BUT THERE IS A SPECIFIC THING I WOULD LIKE THE

20  COURT TO DO WHICH IS TO ORDER THE RESTITUTION BE PAID OUT

21  OF THAT ONE MILLION DOLLARS THAT WAS SEIZED IN THE ACCOUNT

22  OF LESTER F. WHALLEY FROM MORGAN STANLEY.

23          MR. WHALLEY GAVE UP HIS RIGHT TO ANY --

24          THE COURT:  I THINK WE ARE GETTING AHEAD OF

25  OURSELVES HERE.  LET'S GO BACK TO THE SENTENCE.  WE WILL

1    DISCUSS RESTITUTION AFTER.

2            MS. ERWIN:  OKAY.  FINE.

3            MR. NICOLAYSEN:  YOUR HONOR, I THINK GOVERNMENT

4    COUNSEL AND DEFENSE CAN JOINTLY PROPOSE A SOLUTION TO

5    RESTITUTION THAT WILL BE ACCEPTABLE TO THE COURT.

6            LET ME FIRST, IF I MAY, BRIEFLY ADDRESS THE ISSUE

7    OF THE LOW END OF THE RANGE.

8            YOUR HONOR, MR. WHALLEY APPEARS BEFORE YOU TODAY

9    AS A 67-YEAR OLD ATTORNEY.  HE HAS BEEN A MEMBER OF THE BAR

10   FOR APPROXIMATELY 20 YEARS.  HE WILL, AS I'M SURE THE COURT

11   HAS ANTICIPATED, BECAUSE THIS IS A CRIME OF DISHONESTY AND

12   MORAL TURPITUDE, HE WILL HAVE TO RESIGN AT SOME POINT.  HIS

13   LEGAL CAREER IS OVER.  HE THEREFORE PRESENTED TO THIS

14   COURT --

15           THE COURT:  I THINK WE HAVE AN OBLIGATION TO

16   NOTIFY THE STATE BAR OF HIS CONVICTION.

17           MR. NICOLAYSEN:  THAT'S RIGHT.  THAT WILL BE

18   FOLLOWED THROUGH.

19           THE COURT RECOGNIZES THAT IN THIS TYPE OF WHITE

20   COLLAR OFFENSE, WE HAVE AN INDIVIDUAL WHO HAS TO COME TO

21   GRIPS WITH THE TYPE OF COLLATERAL DAMAGES THAT ARE

22   FREQUENTLY ENCOUNTERED IN FINANCIAL CRIMES CASES INVOLVING

23   PROFESSIONALS.

24           WHEN WE COMBINE THE AGE WITH THIS TYPE OF

25   COLLATERAL IMPACT, I THINK IT WEIGHS FAVORABLY IN TERMS OF

9

1   THE LOW END BECAUSE WE ARE LOOKING AT A SIGNIFICANT IMPACT

2   PROFESSIONALLY.  HIS CAREER IS OVER.  THE HUMILIATION OF

3   HAVING TO RESIGN.  HE CERTAINLY IS NOT GOING TO HAVE THE

4   OPPORTUNITY TO MAINTAIN A PROFESSIONAL LIVELIHOOD.

5        IN ADDITION TO THE COLLATERAL IMPACT OF THE STATE

6   BAR RESIGNATION, I OFFER TO THE COURT, WHICH IS REFLECTED

7   ON PAGE 19 OF THE PRESENTENCE REPORT, IN WHICH HAS BEEN

8   VERIFIED BY THE PROBATION OFFICER, THE SERIOUS MEDICAL

9   CONDITION OF MY CLIENT'S WIFE, WHO IS ALSO 67 YEARS OLD.

10  IN FACT, JUST AS RECENTLY AS YESTERDAY, SHE WAS DIAGNOSED

11  WITH LUPUS, IN ADDITION TO THE CONDITIONS ALREADY DESCRIBED

12  IN THE PSR.

13       WHILE WE HAVE NOT PRESENTED THAT AS A DOWNWARD

14  DEPARTURE BECAUSE THE PARTIES AGREED IN THE PLEA AGREEMENT

15  THAT DEPARTURES WERE WAIVED, AND THE PROBATION OFFICE AFTER

16  CONSIDERING THESE MEDICAL FACTORS HAVE ALSO CONCLUDED THEY

17  DON'T RISE TO THE LEVEL SUFFICIENT TO WARRANT A DEPARTURE

18  FOR FAMILY CIRCUMSTANCES, I, NONETHELESS, SUBMIT TO THIS

19  COURT THAT THESE TYPES OF FAMILY CONSIDERATIONS ARE

20  APPROPRIATE IN ACCESSING WHERE WITHIN THE RANGE THE

21  SENTENCE SHOULD BE IMPOSED.

22       MY CLIENT'S WIFE DOES, AS THE PSR DISCUSSES IN

23  SOME DETAIL, DEPEND GREATLY ON HIM.  AND THERE WILL ALREADY

24  BE A SIGNIFICANT LOSS JUST BY VIRTUE OF THE NECESSARY

25  CUSTODY HE WILL HAVE TO DO EVEN IF HE GETS THE LOW END OF

1    THE RANGE.

2         WITH THOSE THOUGHTS IN MIND, I ASK MR. WHALLEY TO

3    RECEIVE THE 27-MONTH SENTENCE.  I WILL, IF THE COURT

4    PERMITS AT THIS TIME, TURN THE MICROPHONE OVER TO HIM.

5         THE COURT:  YES.  YOU MAY BE HEARD, IF YOU WISH

6    TO.

7         THE DEFENDANT:  THANK YOU, YOUR HONOR.  I

8    APPRECIATE YOUR CONSIDERATION AND CONSIDERATION OF THE

9    LETTERS THAT WERE SUBMITTED ON MY BEHALF.

10         I -- THIS HAS HAD AN IMPACT ON MY PROFESSION.  I'M

11    IN THE PROCESS OF SHUTTING DOWN MY PRACTICE, AS I WILL BE

12    REQUIRED TO DO.

13         I STILL HAVE A BUNCH OF CASES THAT I HAVE TRIED TO

14    GET OTHERS TO TAKEOVER.  SOME OF THEM ARE PRO BONO WORK

15    THAT I HAVE BEEN DOING.  AND I HAVE NOT BEEN ABLE TO GET

16    RID OF ALL OF THOSE CASES YET.  I'M STILL TRYING TO DO

17    THAT.  IT'S GOING TO STILL TAKE ME A LITTLE TIME TO DO

18    THAT.

19         I HAVE STATUS CONFERENCES, SEVERAL CASES IN THE

20    NEXT FEW MONTHS, AND AS FAR AS OCTOBER 24 IS MY LAST

21    SCHEDULED COURT APPEARANCE.  I HAVE TWO CASES ON THE

22    24TH.  I'M TRYING TO GET THOSE THINGS RESOLVED.  I DON'T

23    KNOW HOW I CAN GET IT ALL DONE IN A VERY SHORT TIME.  IT

24    REALLY TAKES A WHILE.  I DIDN'T REALIZE IT TOOK THIS MUCH

25    TIME TO TRY TO SHUTDOWN THE PRACTICE, BUT THERE ARE PEOPLE

1   THAT RELY ON ME THAT I HAVE TO REPRESENT.

2            AND SO I'M TRYING TO HELP THEM, AND IT'S -- I'M

3   SORRY I'M NOT GOING TO BE AROUND TO FINISH THESE JOBS, BUT

4   I'LL TRY TO DO MY BEST.

5            I'M SORRY THAT I WAS INVOLVED IN A SITUATION THAT

6   WOULD CAUSE HARM TO ANYBODY.  IT WASN'T PLANNED THAT WAY

7   WHEN I GOT INVOLVED.  AND PEOPLE HAVE RELIED ON ME AND MY

8   INTEGRITY, AND I AM SORRY THAT THAT INTEGRITY HAS BEEN

9   DAMAGED IN THE WAY THAT IT HAS WITH THIS INCIDENT.

10           I DON'T KNOW HOW I CAN RESOLVE THESE -- ALL OF

11  THESE PROBLEMS THAT IT HAS CAUSED AND BROUGHT INTO MY LIFE.

12  I WILL DO MY BEST.

13           I ASK FOR THE COURT INDULGENCE IN GIVING ME TIME

14  TO GET THESE MATTERS RESOLVED, AND GIVE ME TIME TO GET MY

15  WIFE'S SITUATION WORKED OUT AS BEST AT POSSIBLE UNDER THE

16  CIRCUMSTANCES.  AND GET THESE CASES TAKEN CARE OF.

17           I JUST AM SORRY THAT THE KORNGUTES WERE TREATED

18  THE WAY THEY WERE.  I DIDN'T PLAN IT THAT WAY.  I AM SORRY

19  THAT ANYBODY LOST ANY FUNDS BECAUSE OF ANYTHING THAT I DID.

20  IT WASN'T MY INTENT THAT ANYBODY WOULD BE HARMED IN THIS

21  WAY.

22           AND I'M ASKING THE COURT TO GIVE ME A CHANCE TO

23  RECTIFY SOME OF THE SITUATION.

24           OTHER THAN THAT, I JUST ASK THE COURT TO HELP ME

25  UNDER THE CIRCUMSTANCES.

1          THE COURT:  ALL RIGHT.

2          NOW, DO YOU WISH TO BE HEARD REGARDING THE

3    SENTENCE?

4          MS. ERWIN:  REGARDING THE SENTENCE, NO -- WHERE

5    WITHIN THE RANGE THE DEFENDANT OUGHT TO BE SENTENCED, I DO

6    NOT WISH TO BE HEARD.

7          THE COURT:  HOW ABOUT THIS RESTITUTION ISSUE?

8    WHAT IS IT YOU'RE REQUESTING FROM THE COURT WITH RESPECT TO

9    THE IMPOSITION OF SENTENCE?  WHAT IS THE AMOUNT?

10          MS. ERWIN:  THE AMOUNT SHOULD BE AS STATED IN THE

11    PLEA AGREEMENT, 1.28 MILLION DOLLARS.

12          THE COURT:  THIS IS A JOINT AND SEVERAL LIABILITY?

13          MS. ERWIN:  IT IS, YOUR HONOR.

14          THE COURT:  OKAY.  NOW YOU ASKED FOR SOMETHING

15    ELSE.

16          MS. ERWIN:  YES, THAT THE COURT WOULD ORDER --

17          THE COURT:  WITH RESPECT TO THIS ONE MILLION

18    DOLLAR FUND THAT WAS SEIZED?

19          MS. ERWIN:  YES, YOUR HONOR.  THAT THE COURT WOULD

20    ORDER RESTITUTION TO BE PAID OUT OF THE MONEY THAT WAS

21    SEIZED FROM THE LESTER F. WHALLEY TRUST ACCOUNT HELD AT

22    MORGAN STANLEY.

23          THE COURT:  THE SUM REMAINS THE SAME, 1.28

24    MILLION, BUT THAT THE MONEY, THAT ONE MILLION DOLLAR FUND

25    THAT WAS SEIZED IS TO BE PAID IN THE APPROPRIATE RATE TO

1   EACH OF THE VICTIMS.

2        MS. ERWIN:  YES, YOUR HONOR.

3        ONE ADDITIONAL REQUEST WITH RESPECT TO ALBERT

4   KORNGUTE, THE VICTIM I MENTIONED EARLIER.  HE IS NOT

5   MENTIONED AS ONE OF THE VICTIMS.  HE SHOULD BE MENTIONED AS

6   ONE OF THE VICTIMS.

7        THE COURT:  WE WILL AMEND THE REPORT TO MENTION

8   HIM.  HIS LOSS WAS --

9        MS. ERWIN:  ONE MILLION DOLLARS.

10       YES, YOUR HONOR.

11       THE COURT:  YOU OBJECT TO THAT ORDER THAT SHE HAS

12   REQUESTED, THAT IS, 1.28 YOU HAVE NO DISAGREEMENT WITH,

13   THAT WAS IN YOUR AGREEMENT?

14       MR. NICOLAYSEN:  THAT'S RIGHT.  I ALSO HAVE NO

15   OBJECTION TO A STIPULATION BY WHICH THE RESTITUTION AMOUNT

16   WOULD BE PAID IN WHOLE OR IN PART BY THE SEIZED FUNDS.

17   THAT IS, ALL FUNDS SEIZED BY THE U.S. GOVERNMENT IN

18   CONNECTION WITH THE INVESTIGATION, LEADING UP TO THE

19   INDICTMENT IN THIS CASE WOULD BE APPLIED DIRECTLY TOWARDS

20   RESTITUTION.  I AGREE WITH THAT.  THAT IS THE GOVERNMENT'S

21   POSITION.  IT MAKE SENSE.  IT SHOULD BE USED AS AN OFFSET

22   AGAINST THE 1.82 MILLION.

23       THE COURT:  WAS THERE OTHER FUNDS SEIZED?

24       MS. ERWIN:  YES, YOUR HONOR.  BUT MR. WHALLEY

25   DOESN'T HAVE TITLE TO THOSE ACCOUNTS.  HE DOES, HOWEVER,

14

1   HOLD TITLE TO THE ONE MILLION DOLLARS THAT WAS SEIZED FROM

2   THE LESTER F. WHALLEY TRUST ACCOUNT --

3           THE COURT:  IF THE COURT ORDERS THAT ALL SEIZED

4   FUNDS ARE TO BE USED FOR RESTITUTION --

5           MS. ERWIN:  THAT'S FINE.  IT IS OVERLY INCLUSIVE,

6   BUT I HAVE NO OBJECTION TO IT.

7           MR. NICOLAYSEN:  THAT IS MY REQUEST.  THAT THE

8   COURT ORDER THAT ALL FUNDS SEIZED FOR ALL INVESTOR VICTIMS

9   IN THIS CASE BE APPLIED TOWARDS RESTITUTION.  I BELIEVE THE

10  GOVERNMENT WOULD CONCUR WITH THAT.

11          MS. ERWIN:  I CERTAINLY CONCUR WITH IT.  THE

12  REASON I AM HESITANT -- IT IS FINE.  THE REASON I'M

13  HESITATING IS THE FORFEITURE UNIT OF MY OFFICE SPECIFICALLY

14  ASKED ME TO HAVE THE COURT SPECIFICALLY ORDER THIS ACCOUNT

15  TO BE USED --

16          THE COURT:  WELL, I CAN DO THAT AND ORDER ALL

17  OTHER --

18          MS. ERWIN:  -- AS WELL AS ALL OTHERS.  IF YOU

19  HAVE --

20          THE COURT:  DOES THIS ACCOUNT HAVE A NUMBER OR

21  NAME --

22          MS. ERWIN:  YOU KNOW, YOUR HONOR, IT DOES,

23  UNFORTUNATELY, I DON'T HAVE IT HANDY.

24          THE COURT:  BUT IT'S AN ACCOUNT IN THIS

25  DEFENDANT'S --

1      MS. ERWIN:  HELD AT MORGAN STANLEY IN LOS ANGELES,

2  HELD IN THE NAME OF LESTER F. WHALLEY TRUST ACCOUNT.

3      MR. NICOLAYSEN:  I CAN HAVE MY CLIENT SPEAK TO

4  THAT JUST FOR THE SAKE OF CLARIFICATION.

5      THE COURT:  SPEAK TO WHAT?

6      MR. NICOLAYSEN:  THE PRECISE ACCOUNT FROM WHICH

7  THE SECRET SERVICE SEIZED THE FUNDS.  I BELIEVE THE FUNDS

8  HAVE BEEN ORDERED FORFEITED BY THE DISTRICT COURT BY THIS

9  POINT IN TIME.  SO THE FUNDS ARE NOW THE PROPERTY OF THE

10  U.S. GOVERNMENT.

11      THE COURT:  IS THAT TRUE?

12      MS. ERWIN:  YES, YOUR HONOR.

13      THE COURT:  FORFEITED AS THE PROCEEDS OF

14  ILLEGAL --

15      MS. ERWIN:  THEY WERE SEIZED, YOUR HONOR.  I'M NOT

16  AN ASSET FORFEITURE SPECIALIST.  THEY WERE SEIZED.  THEY

17  WERE SEIZED --

18      THE COURT:  BUT YOU AGREE IT HAS BEEN FORFEITED

19  AND THERE IS FUNDS TO BE USED FOR RESTITUTION --

20      MS. ERWIN:  THAT'S WHAT I'M SAYING.  I DON'T AGREE

21  THEY HAVE BEEN FORFEITED.  WHAT I HAVE BEEN TOLD BY MY

22  ASSET FORFEITURE UNIT, IS IN ORDER TO AVOID APPOINTING A

23  TRUSTEE TO INCUR COSTS TO TRY TO DISTRIBUTE ALL OF THESE

24  SEIZED FUNDS, THE EASIEST WAY TO DO IT IS TO HAVE THE COURT

25  ORDER EACH DEFENDANT WHO HOLDS LEGAL TITLE TO THESE FUNDS

16

1  TO AGREE TO PAY RESTITUTION TO THE VICTIMS OUT OF THAT

2  ACCOUNT.

3          THAT IS WHAT WE TALKED ABOUT EARLIER, AND I THINK

4  YOU ARE MAKING IT MUCH MORE COMPLICATED THAN IT NEEDS TO

5  BE.

6          MR. NICOLAYSEN:  NO.  I CHECKED THE PACER DOCKET

7  ON THIS, AND THE PACER DOCKET DOES REFLECT THAT A

8  FORFEITURE ACTION IN REM PROCEEDING WAS FILED, AND IT DOES

9  NOT --

10          THE COURT:  FILED, BUT NOT COMPLETED --

11          MR. NICOLAYSEN:  THAT'S WHAT --

12          MS. ERWIN:  THAT'S RIGHT, YOUR HONOR.

13          MR. NICOLAYSEN:  PACER DOES NOT REFLECT --

14          THE COURT:  THE COURT MAKES THIS ORDER, WOULD IT

15  THEN BE THE INTENTION OF THE GOVERNMENT TO WITHDRAW THIS

16  FORFEITURE PROCEEDING?

17          MS. ERWIN:  TO DISBURSE THE FUNDS IMMEDIATELY,

18  THAT IS CORRECT, YOUR HONOR.

19          MR. NICOLAYSEN:  TO THE EXTENT THAT THE FUNDS ARE

20  FORFEITED, THE FORFEITURE SHOULD ALSO BE APPLIED AS AN

21  OFFSET AGAINST THE RESTITUTION AMOUNT SINCE THE END RESULT

22  WILL BE THE SAME AS A SEIZURE --

23          THE COURT:  YOU ARE COMPLICATING THIS.  IT IS

24  CLEAR IT HASN'T BEEN FORFEITED AND PROBABLY WILL NOT BE.

25          MR. NICOLAYSEN:  WELL, LET'S HOPE THAT'S THE CASE.

17

1      THE COURT:  I'M ORDERING THE MORGAN STANLEY

2  ACCOUNT IN THIS DEFENDANT'S NAME BE USED AND APPLIED TOWARD

3  THE SATISFACTION OF RESTITUTION, AS WELL AS ALL OTHER

4  ACCOUNTS THAT HAVE BEEN SEIZED BY THE AUTHORITIES IN THIS

5  CASE INVOLVING THE CO-DEFENDANTS.

6      MS. ERWIN:  THAT'S FINE, YOUR HONOR.

7      THE COURT:  ALL OF THOSE FUNDS SHOULD BE USED TO

8  PAY RESTITUTION TO THE VICTIMS IN THEIR PROPORTIONATE

9  SHARES.

10      MR. NICOLAYSEN:  THANK YOU.  SO STIPULATED.

11      THE COURT:  NOW BASED ON THE OFFENSE LEVEL OF 18

12  AND THE CRIMINAL HISTORY ONE, YOU HAVE A 27 TO 33 MONTH

13  RANGE.

14      IT IS THE JUDGMENT OF THE COURT THAT THE DEFENDANT

15  BE COMMITTED TO THE CUSTODY OF THE BUREAU OF PRISONS TO BE

16  IMPRISONED FOR A TERM OF 27 MONTHS.

17      UPON RELEASE FROM IMPRISONMENT, THE DEFENDANT

18  SHALL BE PLACED ON SUPERVISED RELEASE FOR A TERM OF FIVE

19  YEARS UNDER THE FOLLOWING TERMS AND CONDITIONS:

20      THE DEFENDANT SHALL COMPLY WITH THE RULES AND

21  REGULATIONS OF THE U.S. PROBATION OFFICE AND GENERAL ORDER

22  318.

23      DURING THE PERIOD OF COMMUNITY SUPERVISION, THE

24  DEFENDANT SHALL PAY THE SPECIAL ASSESSMENT IN ACCORDANCE

25  WITH THE ORDERS OF THIS COURT.

1    THE DEFENDANT SHALL NOTIFY THE COURT THROUGH THE

2    PROBATION OFFICE OF ANY MATERIAL CHANGE IN THE DEFENDANT'S

3    ECONOMIC CIRCUMSTANCES THAT MIGHT AFFECT THE DEFENDANT'S

4    ABILITY TO PAY RESTITUTION, FINES, OR SPECIAL ASSESSMENT.

5    AS DIRECTED BY THE PROBATION OFFICER, THE

6    DEFENDANT SHALL SIGN RELEASES AUTHORIZING CREDIT CHECKS AND

7    TO PROVIDE ACCURATE FINANCIAL STATEMENTS WITH SUPPORTING

8    DOCUMENTATION, SHOWING ALL SOURCES AND AMOUNTS OF INCOME

9    AND ALL EXPENSES OF THE DEFENDANT.

10    IN ADDITION, THE DEFENDANT SHALL PROVIDE THE

11    FEDERAL AND STATE INCOME TAX RETURNS IF REQUESTED BY THE

12    PROBATION OFFICER.  AND HE SHALL NOT APPLY FOR ANY LOAN OR

13    OPEN ANY LINE OF CREDIT WITHOUT PRIOR APPROVAL OF THE

14    PROBATION OFFICER.

15    HE IS ORDERED NOT TO SELL, TRANSFER, OR GIVE AWAY

16    ANY ASSET HAVING A FAIR MARKET VALUE IN EXCESS OF ONE

17    HUNDRED DOLLARS WITHOUT APPROVAL OF THE PROBATION OFFICER.

18    HE SHALL TRUTHFULLY AND TIMELY FILE AND PAY TAXES OWED FOR

19    THE YEARS OF CONVICTION, AND SHALL TRUTHFULLY AND TIMELY

20    FILE AND PAY TAXES DURING THE PERIOD OF COMMUNITY

21    SUPERVISION, AND WILL SHOW PROOF TO THE PROBATION OFFICER

22    THAT HE HAS COMPLIED WITH THIS ORDER.

23    DEFENDANT IS ORDERED TO MAINTAIN A SINGLE CHECKING

24    ACCOUNT IN HIS NAME WHICH WILL REFLECT ALL INCOME OR

25    MONETARY GAINS THAT HAVE BEEN RECEIVED, AND ALL EXPENSES

1    THAT HAVE BEEN PAID.  ALL OTHER BANK ACCOUNTS SHALL BE

2    DISCLOSED TO THE PROBATION OFFICER.

3            THE DRUG TESTING CONDITION MANDATED BY LAW IS

4    SUSPENDED BASED ON THE COURT'S DETERMINATION THAT THE

5    DEFENDANT POSES A LOW RISK OF FUTURE SUBSTANCE ABUSE.

6            THE DEFENDANT IS ORDERED TO PAY A SPECIAL

7    ASSESSMENT OF $600 TO THE GOVERNMENT, $100 FOR EACH COUNT

8    OF CONVICTION.

9            THE COURT WAIVES ALL OTHER FINES AS THE COURT

10   FINDS THE DEFENDANT WILL BE UNABLE TO PAY A FINE IN

11   ADDITION TO RESTITUTION.

12           IT IS ORDERED THAT RESTITUTION BE PAID IN THE SUM

13   OF 1.28 MILLION DOLLARS.  THE AMOUNT OF RESTITUTION ORDERED

14   SHALL BE PAID AS SET FORTH IN THE AMOUNT AND TO THE PERSONS

15   SET FORTH IN THE PROBATION REPORT WITH THE ADDITION OF

16   ALBERT KORNGUTE, WHOSE LOSS IS SAID TO BE ONE MILLION

17   DOLLARS.

18           MS. ERWIN:  YES, YOUR HONOR.

19           THE COURT:  THAT WILL BE REFLECTED AND ADDED TO

20   THE PROBATION REPORT.  AND THE AMOUNT OF RESTITUTION SHALL

21   BE PAID AS SET FORTH ON THE LIST WHICH WILL BE ATTACHED TO

22   THE JUDGMENT, AND THAT LIST SHOULD INCLUDE THIS NEWLY ADDED

23   INVESTOR.

24           IF A PARTIAL PAYMENT IS MADE BY THE DEFENDANT,

25   EACH PAYEE SHALL RECEIVE APPROXIMATELY PROPORTIONAL PAYMENT

1    UNLESS ANOTHER PRIORITY ORDER OR PERCENTAGE PAYMENT IS

2    SPECIFIED IN THE JUDGMENT.

3         RESTITUTION SHALL BE DURING THE PERIOD OF

4    IMPRISONMENT AS DIRECTED BY THE COURT OR THE UNITED STATES

5    ATTORNEY, EXCEPT THOSE PAYMENTS MADE THROUGH THE BUREAU OF

6    PRISONS INMATE FINANCIAL RESPONSIBILITY PROGRAM.

7         IN ANY AMOUNT OF RESTITUTION REMAINS UNPAID AFTER

8    RELEASE FROM CUSTODY, NOMINAL MONTHLY PAYMENTS OF $500

9    SHALL BE MADE DURING THE PERIOD OF SUPERVISED RELEASE TO

10   BEGIN THIRTY DAYS AFTER THE COMMENCEMENT OF SUPERVISION.

11        NOMINAL RESTITUTION IS ORDERED AT THIS POINT

12   BECAUSE THE COURT FINDS THE DEFENDANT'S ECONOMIC

13   CIRCUMSTANCES DO ALLOW FOR GREATER PAYMENTS.

14        PURSUANT TO 18 U.S.C. 3612(F)3(A) INTEREST ON THE

15   RESTITUTION IS ORDERED WAIVED BECAUSE OF THE INABILITY OF

16   THE DEFENDANT TO PAY.

17        PAYMENTS MAY BE SUBJECT TO PENALTIES FOR DEFAULT

18   AND DELINQUENCIES PURSUANT TO U.S.C. 3612(G).

19        THE DEFENDANT AND HIS CO-DEFENDANTS WILL BE HELD

20   JOINTLY AND SEVERALLY LIABLE FOR THE TOTAL AMOUNT OF THE

21   TOTAL AMOUNT OF THE RESTITUTION.

22        UNTIL RESTITUTION HAS BEEN PAID IN FULL, THE

23   DEFENDANT SHALL NOTIFY THE UNITED STATES ATTORNEY GENERAL

24   OF ANY CHANGES IN HIS MAILING ADDRESS OR RESIDENCE ADDRESS

25   NOT LATER THAN 30 DAYS AFTER THE CHANGE OCCURRED.

1    DEFENDANT SHALL NOTIFY THE COURT THROUGH THE

2  PROBATION OFFICE AND THE U.S. ATTORNEY FOR THIS DISTRICT OF

3  ANY MATERIAL CHANGE IN HIS ECONOMIC CIRCUMSTANCES THAT

4  MIGHT AFFECT HIS ABILITY TO PAY RESTITUTION OR ASSESSMENT

5  OR A FINE.  THERE IS NO FINE.

6    THE COURT WILL PERMIT THE DEFENDANT TO

7  SELF-SURRENDER TO THE INSTITUTION DESIGNATED BY THE BUREAU

8  OF PRISONS ON OR BEFORE 12:00 NOON ON -- I WILL GIVE THE

9  DEFENDANT NINETY DAYS IN THIS CASE.  TODAY IS THE --

10    MR. NICOLAYSEN:  17TH OF MAY.

11    AUGUST 20TH.

12    THE COURT:  AUGUST 20TH, BEFORE 12:00 NOON ON

13  AUGUST 20, THE DEFENDANT SHALL SURRENDER TO THE INSTITUTION

14  DESIGNATED BY THE BUREAU OF PRISONS.  IN THE ABSENCE OF

15  SUCH DESIGNATION, THE DEFENDANT SHALL REPORT ON OR BEFORE

16  THE SAME DATE AND TIME TO THE UNITED STATES MARSHALS

17  LOCATED AT THE U.S. COURT HOUSE, 312 NORTH SPRING STREET,

18  LOS ANGELES, 90012, THAT IS THIS BUILDING.

19    THE DEFENDANT SHALL REMAIN ON HIS PRESENT BAIL

20  PENDING HIS SURRENDER.  AND UPON HIS SURRENDER, THE BAIL

21  WILL BE EXONERATED.

22    DEFENDANT IS INFORMED THAT UNDER HIS PLEA

23  AGREEMENT, HE RETAINS SOME LIMITED RIGHT TO APPEAL OR TO

24  ATTACK THE SENTENCE IMPOSED.  BUT HE IS ADVISED THAT IN

25  ORDER TO PROTECT YOUR RIGHT TO APPEAL, YOU MUST FILE A

22

1  WRITTEN NOTICE OF APPEAL WITH THIS COURT WITHIN TEN DAYS OF

2  THIS DATE OR YOU MAY LOSE YOUR RIGHT TO APPEAL.

3          NOW, IS THERE ANYTHING FURTHER AT THIS TIME?

4          MR. NICOLAYSEN:  YES, JUST VERY BRIEFLY ON

5  RESTITUTION.  ON PAGE 25 OF THE PRESENTENCE REPORT THERE IS

6  THE LIST OF THE INVESTORS.  THE LIST DOES NOT INCLUDE MR.

7  KORNGUTE, AS WE ALREADY DISCUSSED.  I RAISE IT AT THIS TIME

8  TO ASK YOUR HONOR IN DIRECTING THE PROBATION OFFICE TO

9  CORRECT THE AMOUNTS THAT NEED TO BE REVERSED BETWEEN TWO OF

10 THESE INVESTORS.  CHARLES KERNS 40,000 AND PHIL PETERSON

11 250,000.  THE LIST SHOULD REVERSE THOSE.  IT'S ACTUALLY

12 $250,000 FOR CHARLES KERNS AND 40,000 FOR PHIL PETERSON.

13         THE COURT:  IS THAT CORRECT?

14         MS. ERWIN:  YES, YOUR HONOR.

15         THE COURT:  AND FORTY FOR PETERSON?

16         MR. NICOLAYSEN:  THAT'S RIGHT.  JUST REVERSE THOSE

17 TWO NUMBERS.

18         THE COURT:  YES.

19         I HAVE DONE THAT BY INTERLINEATION ON THIS

20 PROBATION REPORT.  AND I DIRECT THE PROBATION OFFICER TO

21 CORRECT THIS REPORT TO TRANSPOSE THOSE FIGURES AND ALSO TO

22 ADD THE ADDITIONAL DEFENDANT AND PREPARE AN AMENDED REPORT.

23         MR. NICOLAYSEN:  TO ADD THE ADDITIONAL INVESTOR.

24         THE COURT:  YES.

25         MS. ERWIN:  AND ALSO, YOUR HONOR, WITH RESPECT TO

ENTERED
CLERK, U.S. DISTRICT COURT

ENTERED
JUN - 4 2001

CENTRAL DIS... ...RNIA
BY ... DEPUTY

# United States District Court
## Central District of California

**UNITED STATES OF AMERICA vs**    CR 00-~~1171~~-ER: 00-801

Defendant: Lester Whalley    ~~821~~

Residence: 2142 W. 236 Street    Social Security # 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

Torrance, California 90501    Mailing Address: Same

---

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person, on: May 17, 2001

COUNSEL:  X  WITH COUNSEL Gregory Nicolaysen, Appointed

PLEA:  GUILTY, and the Court being satisfied that there is a factual basis for the plea.

FINDING:  There being a verdict of  X  GUILTY, defendant has been convicted as charged of the offense (s)

of: 18 USC 371: Conspiracy (Count 1), ; USA USC 1343, 2: Aiding and Abetting Wire Fraud (Counts 1 through 6) Second Superseding Indictment.

**FINE:** Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived, as the Court finds that the defendant will be unable to pay a fine in addition to restitution.

**SPECIAL ASSESSMENT**: IT IS ORDERED that the defendant shall pay to the United States a special assessment of $600, which is due immediately.

**JUDGMENT AND PROBATION/COMMITMENT ORDER:**

Restitution to be paid in the sum of $1.28 million. The amount of restitution ordered shall be paid as set forth in the Probation Report with the addition of Albert Corngute who's lost is said to be $1 million dollars.

The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court the defendant, Lester Whalley, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 27 months. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years, under the following terms and conditions: 1) The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318; 2) During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment; 3) The defendant shall notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments; 4) As directed by the Probation Officer, the defendant shall provide the Probation Officer a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all sources and amounts of income all expenses of the defendant. In addition, the defendant shall provide federal and state income tax returns requested by the Probation Officer. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation officer; 5) The defendant shall not transfer, sell, give away or otherwise convey any asset with a fair market value in excess of $100 without approval of the Probation Officer until restitution has been paid in full; 6) The defendant shall truthfully and timely file and pay taxes owed for the years of conviction; and shall truthfully and timely file and pay taxes during the period of community supervision. Further, the defendant shall show proof to the Probation Officer of compliance with

Page 1 of 2



ENTER ON ICMS

JUN - 4 2001

Rec'd 6-4-01

156

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this Judgment.

1. The defendant shall not commit another Federal, state or local crime;

2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;

3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. the defendant shall support his or her dependents and meet other family responsibilities;

6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;

15. the defendant shall not possess a firearm or other dangerous weapon;

16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours

*These conditions are in addition to any other conditions imposed by this Judgment.*

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____    BY: _____

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: _____    BY: _____

# United States District Court
# Central District of California

**UNITED STATES OF AMERICA vs**
Defendant: Lester Whalley

CR 00-801-ER:
Date: May 17, 2001

## JUDGMENT AND PROBATION/COMMITMENT ORDER

this order; and 7) The defendant shall maintain a single checking account in his name. All income monetary gains that have been received shall be deposited into this account. All other bank accounts shall be disclosed to the Probation Officer.

The drug testing condition mandates by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

IT IS ORDERED that the defendant shall pay restitution in the total amount of $1.28 million pursuant to 18 USC 3663A.

The amount of restitution ordered shall be paid as set forth in the Probation Report in the amounts and to the persons set forth in the Probation Report with the addition of Albert Corngute.

The amount of restitution ordered shall be paid as set forth on the list which will be attached to the judgment. If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in the judgment.

Restitution shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of restitution remains unpaid after release from custody, nominal monthly payments of $500 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Pursuant to 18 USC 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 USC 3612(g).

The defendant and Thomas Zikorus, John Kissonas, Lyle Howry and Chris Christiani, his convicted co-participants will be held jointly and severally liable for the total amount of restitution.

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this Judgment:

1. The defendant shall not commit another Federal, state or local crime;

2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;

3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. the defendant shall support his or her dependents and meet other family responsibilities;

6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;

15. the defendant shall not possess a firearm or other dangerous weapon;

16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours

These conditions are in addition to any other conditions imposed by this Judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____     BY: _____

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: _____     BY: _____

# United States District Court
# Central District of California

**UNITED STATES OF AMERICA** vs
Defendant: Lester Whalley

CR 00-801-ER:
Date: May 17, 2001

## JUDGMENT AND PROBATION/COMMITMENT ORDER

Until restitution has been paid in full, the defendant shall notify the United States Attorney General of any change in the defendant's mailing address or residence address, no later than thirty (30) days after the change occurs.

The defendant shall notify the Court through the Probation Office, and the United States Attorney for this district of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution or a fine, as required by 18 USC 3664(k).

IT IS FURTHER ORDERED that the Probation Officer correct the Pre sentence Report to transpose figures interlineated on the Pre sentence Report.  IT IS FURTHER ORDERED that Albert Corngute be added to the list of victims.  IT IS FURTHER ORDERED that the Probation Officer is to prepare an amended report.

IT IS FURTHER ORDERED that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, on August 20, 2001.  In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at: United States Court House, 312 North Spring Street, Los Angeles, California.

Bond of the defendant is exonerated upon surrender.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

___This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

SIGNED by: District Judge _____

EDWARD RAFEEDIE

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order tot he U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk of Court

Dated/Filed **JUN 1 2001**          By _____

Judy Matthews, Deputy Clerk

STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

*While the defendant is on probation or supervised release pursuant to this Judgment:*

1.  The defendant shall not commit another Federal, state or local crime;

2.  the defendant shall not leave the judicial district without the written permission of the court or probation officer;

3.  *the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;*

4.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5.  the defendant shall support his or her dependents and meet other family responsibilities;

6.  *the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;*

7.  *the defendant shall notify the probation officer within 72 hours of any change in residence or employment;*

8.  the defendant shall refrain from excessive use of alcohol *and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;*

9.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;

15. the defendant shall not possess a firearm or other dangerous weapon;

16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours

These conditions are in addition to any other conditions imposed by this Judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____     BY: _____

## C E R T I F I C A T E

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: _____     BY: _____